SPECIAL INDEMNITY FUND OF THE STATE OF OKLAHOMA, administered by the State Insurance Fund, Petitioner,

v.

Edmond M. IVEN, Long-Bell Lumber Company, Consolidated Underwriters and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 36210.

Supreme Court of Oklahoma.

May 24, 1955.

Mont R. Powell, William R. Saied, Oklahoma City, for petitioner.

Claud Briggs, I. H. Fredricks, Oklahoma City, Lou E. Roseboom, Enid, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding brought by Special Indemnity Fund to review an order of the State Industrial Commission awarding compensation to the respondent herein, Edmond M. Iven, hereinafter referred to as claimant.

The claimant had filed his claim for compensation with the Commission alleging

that he sustained a compensable injury to his back on January 3, 1951, while in the employment of the Long-Bell Lumber Company, and that at the time of such injury he was a physically impaired person.

The claim against Long-Bell Lumber Company was settled by joint petition on October 23, 1951, on the basis of 20 per cent disability to the body on account of the back injury sustained on January 3, 1951, and thereafter the matter came on for hearing as against the Special Indemnity Fund only to determine its liability under the provisions of 85 O.S.1951 §§ 171 and 172.

Based on the evidence introduced the Commission found that the respondent sustained a compensable injury to his back on Jan. 3, 1951, while employed by Long-Bell Lumber Company, which resulted in 20 per cent permanent disability to his body; that prior thereto he was afflicted with multiple sclerosis which was disabling to a degree; that by reason of the combination of his multiple sclerosis and his back injury, claimant is now totally and permanently disabled; that 80 per cent of his disability is due to his multiple sclerosis and loss of vision, which constituted him a physically impaired person; and that claimant is entitled to receive compensation from the Fund on the basis of 80 per cent disability.

The Fund contends that the findings of the Commission are not supported by the evidence.

Examination of the record shows the introduction in evidence of several medical reports of physicians relating to the claimant's condition previous to his injury of January 3, 1951.

These reports show a difference of opinion as to the cause and extent of claimant's previous disability. There was no attempt by any of the examining physicians to determine the loss of use or partial loss of use of any specific member or to compute such loss into terms of disability to the body as a whole.

The finding of the Commission was evidently based on the report of Dr. R. who expressed the opinion that the claimant had about 20 per cent disability due to the subsequent injury, and about 80 per cent due to his degenerated nervous disease. This report did not determine the extent of disability, if any, to a specific member or members resulting in loss or partial loss of use thereof, nor is there any other evidence in the record supplying that information.

The State Industrial Commission is without jurisdiction to enter an award against the Special Indemnity Fund under the provisions of 85 O.S.1951 §§ 171 and 172, unless it be shown that at the time of the subsequent injury the claimant was a physically impaired person by reason of having (1) suffered the loss of the sight of one eye; (2) the loss by amputation of the whole or a part of some member of his body; (3) total or partial loss of use of a specific member such as is obvious and apparent from observation or examination by an ordinary layman; and (4) any disability which previously has been adjudged and determined by order of the State Industrial Commission.

In Special Indemnity Fund of State v. Keel, 196 Okl. 315, 164 P.2d 996, this court pointed out that one of the four conditions set forth in the statute must be found to exist before the Commission is authorized to make an award thereunder. Such a finding is jurisdictional.

The Industrial Commission, being an administrative fact-finding board, must not only determine its jurisdiction, but must show the existence of its jurisdiction of record. Special Indemnity Fund of State of Oklahoma v. Hunt, 200 Okl. 1, 190 P.2d 795.

The order of the Commission herein fails to meet this requirement. When a claim against the Special Indemnity Fund is based on a physical impairment resulting from a disease, it is not sufficient that the Commission find merely that claimant is physically impaired by the disease. It must find the extent of disability, if any, of the specific member or members affected by the disease, so as to demonstrate by its finding that the claimant was a " 'physically impaired person' " under the Statute. Only by such finding can the

Commission properly determine the liability of the Special Indemnity Fund.

Award vacated for further proceedings in accordance with the views herein expressed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY and BLACKBIRD, JJ., concur.