SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioners,

v.

L. L. ROBERTS and The State Industrial Court, Respondents.

No. 38928.

Supreme Court of Oklahoma.

Nov. 1, 1960.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioners.

Hatcher & Wilson, Pauls Valley, Looney, Watts, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

After a joint petition settlement with his last employer claimant instituted proceedings to recover benefits against the Special Indemnity Fund (hereinafter referred to as the Fund) under the provisions of 85 O.S. 1951 § 171 and 85 O.S.Supp.1959 § 172. He claimed to be permanently totally disabled as a result of his pre-existing impairments combined with the disability due to the last injury. The trial tribunal entered an award against the Fund for permanent total disability less the amount of compensation paid to claimant by the last employer. The Fund brings this proceeding for review. It contends that (a) the finding of the trial tribunal is insufficient as a basis upon which to determine that claimant was a "physically impaired person" as defined by 85 O.S.1951 § 171; (b) there is no competent evidence to show that claimant was a physically impaired person within the meaning of the statute.

The evidence discloses that prior to the time claimant sustained the last compensable injury he had, as a result of multiple previous accidents, an unadjudicated disability to his back. The trial tribunal based its award upon the following finding:

"That when claimant sustained his last compensable injury to his low back on February 7, 1959, he was a previously disabled person by virtue of prior injuries to his back, and that such impairment was obvious to an ordinary layman."

In Special Indemnity Fund of State of Okl. v. Iven, Okl., 284 P.2d 419, 420, it is stated:

"The State Industrial Commission is without jurisdiction to enter an award against the Special Indemnity Fund under the provisions of 85 O.S. 1951 §§ 171 and 172, unless it be shown that at the time of the subsequent injury the claimant was a physically impaired person by reason of having (1) suffered the loss of the sight of one eye; (2) the loss by amputation of the whole or a part of some member of his body; (3) total or partial loss of use of a specific member such as is obvious and apparent from observation or examination by an ordinary layman; and (4) any disability which previously has been adjudged and determined by order of the State Industrial Commission."

The back is not classified or scheduled as a specific member of the body under 85 O.S.Supp.1959 § 22. A prior unadjudicated disability to the back, whether conspicuous to or occult from a human eye, does not constitute the employee a physically impaired person within the meaning of the statute, unless such disability affects a specific member of the body in a manner which makes the loss of use thereof, be it total or partial, obvious and apparent to an ordinary layman. 85 O.S.1951 § 171; Special Indemnity Fund v. Keel, 196 Okl. 315, 164 P.2d 996; Special Indemnity Fund of State of Okl. v. Iven, supra; Special Indemnity Fund v. Smith, Okl., 349 P.2d

759; Gullett v. State Industrial Commission, Okl., 346 P.2d 719; Special Indemnity Fund of State of Okl. v. Levering, Okl., 345 P.2d 885; Special Indemnity Fund v. Wade, 199 Okl. 547, 189 P.2d 609.

The trial tribunal did not find that the pre-existing unadjudicated disability to the back produced an impairment of any specific member of the body and the record fails to disclose any evidence which would have justified such conclusion. While a layman related that claimant, when in pain and bothered by his back, did occasionally limp or walk "different from a guy that didn't have no back injury" the testimony so outlined is clearly insufficient to show a permanent prior physical defect or impairment of the legs.

A pre-existing loss of use of a specific member of the body, such as is obvious and apparent to an ordinary layman, may be established either by lay testimony alone or in conjunction with expert medical proof. When lay testimony is relied upon to the exclusion of other, it must show a manifest observable disability or constant every-day conduct or movement of limbs which demonstrates a pronounced physical defect or impairment. The evidence in the case at bar does not disclose a conduct indicative of or compatible with a prior permanent loss of use of the leg or legs. Special Indemnity Fund v. Keel, supra; Special Indemnity Fund v. Dickinson, 208 Okl. 39, 253 P.2d 161; Special Indemnity Fund v. Osborne, Okl., 272 P.2d 392.

The finding of the trial tribunal is not sufficient as a basis for its determination that claimant was a physically impaired person within the meaning of the statute. Unless competent evidence reveals and the trial tribunal finds that the pre-existing unadjudicated disability to the back did, prior to the last accidental injury, permanently affect, either in whole or in part, a specific member of the body, the State Industrial Court is without jurisdiction to enter an award for benefits under the Special Indemnity Fund Act. Special Indemnity Fund

of State of Okl. v. Iven, supra; Special Indemnity Fund v. Smith, supra.

The award is vacated without prejudice to further proceedings in accordance with the views herein expressed. Special Indemnity Fund of State of Okl. v. Iven, supra.