Craig L. DORRIS, Petitioner,

v.

CONTINENTAL CARBON COMPANY,
and National Union Fire Insurance,
Respondents.

No. 65058.

Supreme Court of Oklahoma.

Feb. 11, 1986.

Rehearing Denied April 29, 1986.

Fred L. Boettcher, Ponca City, for petitioner.

John A. McCaleb, Oklahoma City, for respondents.

## MEMORANDUM OPINION

SUMMERS, Judge.

The claimant was employed by Continental Carbon Co. on September 8, 1984 when he sustained an injury to his left knee while going down a flight of steps at his place of employment. The case was heard on May 15, 1985, on the issue of permanent partial disability to the left knee. The claimant presented medical evidence from Dr. G. which indicated that there was a 40 percent permanent impairment to the claimant's left knee as a result of this injury and subsequent surgery. The employer presented medical evidence from Dr. F. who had examined the claimant in March of 1985. Dr. F. reported that the claimant had a 15 percent impairment to his left knee prior to September 8, 1984, and that he sustained an additional 15 percent impairment as a result of his injuries on that date.

The claimant testified that he first injured his left knee while in the service in 1971. He admitted having problems with his knee thereafter. He eventually had surgery in 1978. He also testified that he continued to have problems with his left knee after 1978 leading up to the time of his accident with Continental Carbon in September of 1984.

The trial court found that the claimant sustained an accidental personal injury to his left leg (knee) arising out of and in the course of his employment; that as the result the claimant incurred a 20 percent permanent partial disability to his left leg (knee); and that this was "over and above the prior 15 percent disability done to the left leg". The court en banc unanimously sustained the order.

The claimant brought this original action and asserts that the court erred by appor-

tioning his present disability between the September 8, 1984 work-related injury and his prior military service injury. The claimant contends that absent proof of an adjudication of permanent impairment to his left leg prior to September 8, 1984, the judge's order apportioning his disability, and thus decreasing his compensation, was not authorized by law nor supported by the evidence. Employer argues that the order is authorized by 85 O.S.1981 §§ 22(7), 171, 172. Employer further asserts that the determination of the extent of disability is a question of fact resting exclusively with the Worker's Compensation Court and the court's findings should not be disturbed on review when supported by any competent evidence. *Green Country Restaurant v. Carmen*, 579 P.2d 1281 (Okl.1978); *Howey v. Babcock and Wilcox Co.*, 516 P.2d 821, (Okl.1973).

■■■ Claimant cites 85 O.S.1981 § 22 (7) which provides in part:

"In the event there exists a previous impairment which does produce disability which has been adjudicated to be permanent in nature and the same is aggravated or accelerated by an accidental personal injury, ... compensation for permanent disability shall be only for such amount as was caused by such accidental personal injury ... and no additional compensation shall be allowed for the pre-existing disability or impairment."

Claimant uses this portion of § 22(7) to support his argument that it was the intent of the legislature to limit the apportioning method outlined in § 22(7) exclusively to *prior* "adjudicated claims". Claimant contends that the language in § 22(7), "which has been adjudicated to be permanent in nature" makes the finding of the trial court of a previous 15 percent disability to claimant's left leg erroneous as a matter of law. To adopt the claimant's position would require a *previous* adjudication of a previous impairment before the court could apportion the claimant's present disability between the September 8, 1984 work-related injury and his prior military injury.

85 O.S. § 11 provides that:

"The injuries covered by the Worker's Compensation Act involves 'injury or personal injury' which means only accidental injuries arising out of and in the course of employment...."

Section 22(7) also provides that the compensation in cases of previous disability

"shall only be for such amount as was caused by such accidental personal injury or occupational disease and no additional compensation shall be allowed for the preexisting disability or impairment".

By 85 O.S.1981 § 172 the Oklahoma Legislature created the Special Indemnity Fund. One of the primary functions of the fund is to encourage employers to hire employees who have prior disabilities. This fund allows the employment of these individuals without the employer having exposure to increases and permanent physical disability when new injuries are combined with previously existing impairment as in the instant case. Respondent hired the claimant after he had suffered a severe injury to his left knee and after he had had an operation on that knee. The evidence at trial clearly establishes the existence of the preexisting disability. There is competent evidence to support the trial judge's finding that a preexisting impairment existed. This evidence included the testimony of the claimant as well as the medical report of Dr. F. The previous disability has now been adjudicated as required by 85 O.S. 1981 § 22(7). To adjudicate means to settle in the exercise of judicial authority, to determine finally. Black's Law Dictionary, p. 63. Here we have a judicial determination and adjudication of the 15 percent previous disability.

To adopt the claimant's position that there has to be a *previous* adjudication of the *previous* impairment would completely undermine the purpose of having the Special Indemnity Fund that is established in 85 O.S. § 172. This would close the doors to those who had had previous disabilities which were unadjudicated. Pure economic considerations would preclude an employer from hiring anyone with a previous disability which has not been adjudicated because

he would have to bear the full, permanent disability if any disability resulted while in his employ. In this case the employer would be responsible for 35 percent permanent partial disability of the left leg because of on the job injury or impairment rather than the 20 percent over and above the 15 percent adjudicated as being a previous injury. We think such an interpretation of 85 O.S. § 22(7) is inconsistent with the intention of this section and with the act itself, particularly as it relates to the Special Indemnity Fund. The employer should be responsible only for those accidental injuries arising out of and in the course of employment as provided by the act.

In this case the trial court found that the claimant sustained a 20 percent permanent partial disability to the left leg (knee) and also found that the award was over and above the prior 15 percent disability the claimant had to his left leg. The court adjudicated that there was a 15 percent previous impairment. There is competent evidence to support this finding. The order of the Worker's Compensation Court is affirmed.

SIMMS, C.J., and HODGES, LAVENDER, HARGRAVE, OPALA, and WILSON, JJ., concur.

DOOLIN, V.C.J., dissents.

KAUGER, J., not voting.