SPECIAL INDEMNITY
FUND, Petitioner,

v.

Bennie McDANIEL and the Workers'
Compensation Court,
Respondents.

No. 76512.

Court of Appeals of Oklahoma,
Division No. 1.

Dec. 24, 1991.

Rehearing Denied March 2, 1992.

Certiorari Denied June 16, 1992.

David Custar and Fred Nicholas, Jr., State Ins. Fund, Oklahoma City, for petitioner.

Patrick Ryan and Philip Ryan, Boettcher & Ryan, Oklahoma City, for respondents.

## MEMORANDUM OPINION

ADAMS, Judge:

This appeal presents the question whether a finding, pursuant *J.C. Penney Co. v. Crumby,* 584 P.2d 1325 (Okla.1978), that McDaniel had a pre-existing heart injury constitutes a previous adjudication so as to trigger liability for the Special Indemnity Fund (Fund) for an increase in disability due to the combined effect of the previous impairment and an employment-related heart injury. The trial court found it did not, denying the claim against the Fund, but the three judge panel reversed that,

finding the order contrary to law and against the clear weight of the evidence. The panel found the recent and prior injuries combined to render McDaniel permanently and totally disabled.

"Physically impaired person" is defined in 85 O.S.Supp.1986 § 171. Unless a claimant falls within the definition of that statutory provision, no payment from the Fund is due pursuant to 85 O.S.Supp.1986 § 172. *Special Indemnity Fund v. Scott,* 652 P.2d 278 (Okla.1982). We will not assume the Legislature did a vain and useless act in setting forth the definition of "physically impaired person" in § 171. *Loffland Bros. Equipment v. White,* 689 P.2d 311 (Okla.1984). All the words in § 171 must be given effect. *State ex rel. Thompson v. Ekberg,* 613 P.2d 466 (Okla.1980). We are not at liberty to ignore plainly written provisions and must ascribe to them their ordinary meaning. *Riffe Petroleum Co. v. Great National Corporation,* 614 P.2d 576 (Okla.1980)

McDaniel cites *Dorris v. Continental Carbon Company,* 717 P.2d 603 (Okla. 1986) as authority for the proposition that a previous adjudication of a previous impairment is not necessary for him to be a "physically impaired person" entitled to proceed against the Fund. However, *Dorris* is distinguishable since it did not deal with the liability of the Fund for the combined effect of an injury, but with the interpretation of 85 O.S.1981 § 22(7) and the propriety of apportioning liability when there was a previous unadjudicated impairment and an employment-related disability. Section 22(7) makes reference to "previous disability or impairment", but it has no language similar to § 171, which requires the condition to be "previously ... adjudged or determined." Further, under § 172 the claimant must be "physically impaired" at the time of the last injury for payment out of the Fund.

Since the Workers' Compensation Court is required under *Crumby* to "adjudicate" all pre-existing disabilities when awarding benefits, under McDaniel's construction of § 171, any disabling health problem which

pre-existed the compensable injury would entitle a claimant to Fund benefits. If the Legislature intended this result, the § 171 language requiring any full or partial loss of use of a major member to be "obvious and apparent from observation or examination by an ordinary layman" would be superfluous. We will not adopt such a construction.

When McDaniel became employed, he had an unadjudicated previous injury to his heart. No adjudication of that previous condition occurred prior to his employment-related heart injury. The recognition of the previous condition in the *Crumby* finding was not a previous adjudication for the purposes of § 171. The panel findings are contrary to law and must be vacated.

VACATED.

GARRETT, P.J., and BAILEY, J., concur.