SPECIAL INDEMNITY
FUND, Petitioner,

v.

**Leroy R. CARSON, and the Workers'
Compensation Court,
Respondents.**

No. 78320.

Supreme Court of Oklahoma.

May 11, 1993.

State Ins. Fund by David Custar, Oklahoma City, for petitioner.

Boettcher and Brune by Fred L. Boettcher and Walt Brune, Ponca City, for respondents.

HODGES, Chief Justice.

The dispositive issue in this case is whether a finding pursuant to *J.C. Penney Co. v. Crumby*, 584 P.2d 1325 (Okla.1978) (*Crumby* finding), that the claimant had a pre-existing disability at the time of the award of workers' compensation disability is a previous adjudication under Okla.Stat. tit. 85, §§ 171–72 (1991), so as to bestow jurisdiction on the Workers' Compensation Court and trigger liability for the Special Indemnity Fund (Fund). We find that it is not. This determination moots all other issues.

The relevant facts are undisputed. On May 31, 1987, the claimant, Leroy Carson, suffered a heart attack. The Workers' Compensation Court found that the claimant had sustained 70 per cent permanent

partial disability due to the heart attack. It also found, pursuant to *Crumby*, that the claimant had a pre-existing permanent partial disability of 20 per cent as a result of a heart attack he suffered in 1980. The finding of 70 per cent disability was over and above the pre-existing disability. The Workers' Compensation Court awarded disability compensation against the employer, and this order was not appealed.

The claimant then sought additional compensation against the Special Indemnity Fund (Fund). The trial judge found that the *Crumby* finding was not an adjudication of prior impairment to support an award against the Fund and denied the claim against the Fund. A three-judge panel of the Workers' Compensation Court found that the *Crumby* finding was a prior adjudication sufficient to support an award against the Fund and remanded the matter. On remand the trial judge found that the finding of 20 per cent pre-existing disability made pursuant to *Crumby* was a prior adjudication to be combined with the disability from the 1987 heart attack and held the Fund liable for the increase in disability from combining the two injuries. A three-judge panel of the Workers' Compensation Court affirmed. The Fund appealed.

On appeal the Fund argued, among other things, that the Workers' Compensation Court erred in holding that a *Crumby* finding constituted an adjudication of previous impairment so as to render the claimant a "physically impaired person" under Okla.

Stat. tit. 85, § 171 (1991), and triggered the Fund's liability. This Court granted certiorari.

The Fund's liability and the Workers' Compensation Court's jurisdiction rests on the statutory definition of "physically impaired person." *See* Okla.Stat. tit. 85, § 172 (1991).[1] If a claimant does not come within the definition of a "physically impaired person," the Fund is not liable for any disability compensation. *Id.* However, if the claimant falls within the definition, then the Fund is liable for the increase in disability resulting from the combination of two or more disabilities. *Id.*

Section 171 of the Workers' Compensation Act (Act)[2] defines a "physically impaired person" as one who has suffered "the loss of the sight of one eye, the loss by amputation of the whole or a part of a major member of his body," the loss of use or partial use of a major member which is apparent to an ordinary layman,[3] or "any disability which previously has been adjudged and determined by the Workers' Compensation Court...." The claimant does not argue that he has suffered any of the enumerated losses. Thus, the Fund's liability hinges on a previous adjudication of disability.

Section 172 requires that the claimant be a "physically impaired person" at the time of the subsequent injury. A *Crumby* finding of pre-existing disability is made at the same time as the adjudication of the subse-

---

1. Section 172(A) title 85 of the Oklahoma Statutes 1991 provides:

   If an employee who is a "physically impaired person" receives an accidental personal injury compensable under the Workers' Compensation Act which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities.

2. Section 171 provides:

   For the purpose of Sections 171 through 176 of [the Workers' Compensation Act], the term "physically impaired person" is hereby defined to be a person who as a result of accident, disease, birth, military action, or any

other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of a major member of his body, or the loss of the use or partial loss of the use of a major member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any disability which previously has been adjudged and determined by the Workers' Compensation Court....

3. In *Special Indemnity Fund v. Figgins,* 831 P.2d 1379 (Okla.1992), this Court held that "[a] previously unadjudicated injury to the lungs and the respiratory system [did] not quality (sic) an employee as a physically impaired person entitled to recovery from the Indemnity Fund." Loss had to be to a major member of the body or had to have been previously adjudicated.

quent injury. *See Crumby*, 584 P.2d at 1331. Therefore, a *Crumby* finding does not render a claimant a "physically impaired person" for purposes of bestowing jurisdiction on the Workers' Compensation Court and attaching liability to the Fund.

This ruling is consistent with our previous applications of sections 171 and 172. In *Special Indemnity Fund v. Iven*, 284 P.2d 419, 420 (Okla.1955), this Court stated:

The State Industrial Commission is without jurisdiction to enter an award against the Special Indemnity Fund under the provisions of 85 O.S.1951 §§ 171 and 172, unless it be shown that *at the time of the subsequent injury the claimant was a physically impaired person* by reason of having any disability which previously has been adjudged and determined by order of the State Industrial Court.

(Emphasis added.) *Iven* makes clear that the claimant must have been a "physically impaired person" at the time of the subsequent injury. In *Special Indemnity Fund v. Tyler*, 369 P.2d 180 (Okla.1961), this Court held that a pre-existing non-adjudicated heart condition did not render the claimant a "physically impaired person". Thus, the Fund did not incur any liability for the disability resulting from the pre-existing heart condition.

The claimant argues that *Iven* and *Tyler* are not applicable after the 1986 amendments to the Workers' Compensation Act. The 1986 amendments did not change the requirement that the claimant had to be a "physically impaired person" nor did they change the requirement that, if the claimant had not suffered an enumerated loss, his disability must have been adjudicated prior to the subsequent injury for the Fund's liability to attach.

The claimant relies on *Dorris v. Continental Carbon Co.*, 717 P.2d 603 (Okla.1986). *Dorris* did not involve a claim against the Fund. In *Dorris* the claimant suffered a work related injury in 1984. The claimant had a pre-existing disability from an injury relating to his military service. The military-service injury had not been previously adjudicated. The Workers' Compensation Court found that the claimant was entitled to benefits for injuries resulting from the 1984 injury but not for the pre-existing military-related injury. The claimant argued that the Workers' Compensation Court erred in apportioning his disability and reducing his compensation. This Court held that, under section 22 of the Workers' Compensation Act, the trial tribunal correctly apportioned the disability and held the employer liable only for the injuries arising out of and in the course of the claimant's employment.

The decision in *Dorris* is not applicable to the present case. The present case involves the Fund rather than an employer. Section 22 does not control claims against the Fund. Section 171 and 172 are the relevant statutes in the present case and require an enumerated loss or an adjudication of disability prior to the subsequent injury for the Fund's liability to attach.

A *Crumby* finding is made contemporaneous with the adjudication of the subsequent injury and is not a previous adjudication as required by section 172. The claimant was not a "physically impaired person" for purposes of the Workers' Compensation Act, and the Workers' Compensation Court did not have jurisdiction to impose liability on the Fund for the claimant's injuries. Therefore, the cause is remanded to the Workers' Compensation Court with instructions to enter an order dismissing the claim for lack of jurisdiction.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS' OPINION VACATED; ORDER OF THREE–JUDGE PANEL OF WORKERS' COMPENSATION COURT VACATED; TRIAL JUDGE'S ORDER VACATED; CAUSE REMANDED.

SIMMS, HARGRAVE, SUMMERS and WATT, JJ., concur.

OPALA, J., concurs in result.

LAVENDER, V.C.J., and ALMA WILSON and KAUGER, JJ., dissent.

LAVENDER, Vice Chief Justice, dissenting:

I dissent from the majority opinion. I fear the bright line rule posited therein that under 85 O.S.1991, § 171 where a claimant has not suffered an enumerated loss, his disability must always be adjudicated prior to the subsequent injury for Fund liability to attach does not appear to comport with legislative intent and will surely lead to absurd results. A simple example is illustrative.

Jim and Ray work for Acme Tool Company. They have been life-long friends. As both are repairing a machine at work an explosion occurs which results in hip injuries to both men. Workers' compensation claims are filed by Jim and Ray. Although both hip injuries are substantially similar in severity Jim heals faster than Ray and he is able to obtain a quick adjudication and determination by the workers' compensation court of permanent partial disability. Ray, a slow healer, takes a longer period of time to adjudicate his case as to permanent partial disability because no adjudication can take place until the healing period has come to an end.[1]

Prior to Ray being able to obtain an adjudication from the workers' compensation court for permanent partial disability Jim and Ray leave Acme Tool Company and both go to work for A–1 Machine Company. As both are being trained on a new machine a malfunction occurs causing severe neck injuries to both. Ray's hip has now healed and he is awarded compensation against Acme for the permanent partial disability to his hip. Both men then obtain adjudications for permanent partial disability as a result of the neck injuries against A–1. They both then file claims against the Special Indemnity Fund based on allegations combination of the hip and neck disabilities renders each permanently totally disabled. As to both men the evidence shows the material increase in disability resulting from combination of the two injuries *does* result in total disability.

Neither can recover from either employer for this increase in disability because the two employers are only responsible for the separate disability caused while Jim and Ray were working for them. If recovery can be obtained it must come from the Fund. Under the bright line rule espoused by the majority Jim can recover the increase in disability from the Fund; Ray cannot because his hip injury claim stood unadjudicated prior to the accident at A–1. Jim and his family are able to live off his workers' compensation benefits from the Fund. In that Ray has been awarded no benefits from the Fund he and his family are forced to go on welfare to survive. I find such a result absurd and inconsistent with the general purpose of our workers' compensation laws.

The pertinent phrase at issue here is, "[f]or purposes of Sections 171–176 of this title, the term 'physically impaired person' is hereby defined to be a person who ... has suffered ... any disability which previously has been adjudged and determined by the Workers' Compensation Court ...". Section 171 does not itself indicate a time frame as to when any previous impairment must be adjudicated, but when read in conjunction with the language of 85 O.S.1991, § 172 [now Supp.1992], which speaks in terms of a *subsequent* injury occurring to a physically impaired person, at least, facially it looks like the majority view has some support. I do not believe such a view, however, holds water when it is exposed to critical analysis.

The primary goal of statutory construction is to determine legislative intent and such intent is to be ascertained from the statute at issue in light of its general purpose. *TXO Production v. Oklahoma Corporation Commission,* 829 P.2d 964, 968–969 (Okla.1992). Further, a statutory construction that would lead to an absurdity will be avoided if this can be done without violating legislative intent. *Id.* at 969. A reasonable and rational construction is preferred. *Id.; Ledbetter v. Oklahoma Alco-*

---

1. A permanent disability award is a solemn adjudication the worker's healing period has come to an end and his condition or state of health has reached the very optimum that is then medically attainable. *Bill Hodges Truck Co. v. Gillum,* 774 P.2d 1063, 1065 (Okla.1989).

*holic Beverage Laws Enforcement Commission,* 764 P.2d 172, 179 (Okla.1988). An inept or incorrect choice of words by the Legislature will not be construed to defeat the real or obvious purpose of a legislative enactment. *TRW/Reda Pump v. Brewington,* 829 P.2d 15, 20 (Okla.1992). Finally, the legislative intent behind a statute is to be ascertained from the whole act in light of its general purpose and if a statute is ambiguous or uncertain the reasonable construction that will avoid absurd consequences should be given if this can be done without thwarting legislative intent. *Id.* at 20.

The general purpose of our workers' compensation laws is to compensate workers for work-related injuries and was intended to prevent the workers and their families from becoming public charges. *Crocker v. Crocker,* 824 P.2d 1117, 1120 (Okla.1991). As is obvious the majority's opinion thwarts this general purpose in the above scenario. Both Jim and Ray pursued their respective claims diligently. Both suffered substantially the same work-related injuries at the same time, yet the majority's bright line rule says one can recover while the other cannot. In my view this result is absurd, it obviously does not comport with the central purpose behind our workers' compensation laws and, I believe, it does not comport with the true intent of the Legislature espoused in § 171. I believe the real and obvious purpose of the Legislature in regard to Fund liability was to include a situation like that detailed above, but I am afraid the majority opinion will thwart that purpose by denying recovery. For this reason, I dissent.

I am authorized to state that Justice ALMA WILSON and Justice KAUGER join in the views herein expressed.