## SPECIAL INDEMNITY FUND, Petitioner,

v.

## Tex Danny RICHARDSON, and the Workers' Compensation Court, Respondents.

### No. 87301.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 11, 1996.

Certiorari Denied May 6, 1997.

Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, for Petitioner.

Tom Leonard, Ponca City, for Respondents.

## MEMORANDUM OPINION

ADAMS, Vice Chief Judge.

This review proceeding presents one legal issue for our consideration—the proper interpretation to be given 85 O.S.Supp.1993 § 171. Essentially, the question is: did the amendment of § 171 by the Legislature in 1993 effect a change in the definition of a physically impaired person?[1]

The Workers' Compensation trial court found Claimant Tex Danny Richardson sustained 24.4 per cent permanent partial disability to the body as a whole from an employment-related low back injury sustained on July 6, 1994. The court also determined Claimant had a 35 per cent pre-existing disability because of prior back injuries sustained in 1978 and 1986. As a result of the combined effect of the pre-existing injuries, the 1994 injury, and the material increase caused by the combination of those injuries the trial court determined Claimant was permanently totally disabled and awarded Claimant appropriate benefits against the Special Indemnity Fund (Fund).

Fund claims Claimant was not entitled to benefits from Fund because Claimant was not a physically impaired person as that term is used in § 171, and argues the trial court should not have used a *Crumby*[2] finding as an adjudication of disability. Claimant argues that § 171 now allows the trial court to determine pre-existing disability and that such disability may be a basis to proceed against Fund.

■ At the outset, we note that the liability of Fund under 85 O.S.Supp.1992 § 172 is triggered if Claimant qualifies as a physically impaired person under § 171 at the time of the 1994 injury. The definition of "physically impaired person" is found in § 171, and if a claimant does not come within that definition, Fund is not liable for any disability compensation. *Special Indemnity Fund v. Carson*, 852 P.2d 157 (Okla.1993).

Formerly, under § 171, it was clear that a previous adjudication, not the mere existence of disability (with exceptions not involved here), was required for a person to qualify as a "physically impaired person." A pre-existing but unadjudicated disability could not render a person a "physically impaired person." *See, e.g., Special Indemnity Fund v. Tyler*, 369 P.2d 180 (Okla.1961). After the decision in *Crumby*, which required the trial court to make findings regarding preexisting disabilities when determining an employer's liability for an injury pursuant to 85 O.S.Supp.1977 § 22(7), a question arose concerning whether such a determination of the preexisting disability, *i.e.* a *Crumby* finding, satisfied the requirements of § 171 to make the injured worker a "physically impaired person." In *Carson*, the Court held it did not, noting that "[a] *Crumby* finding is made contemporaneous with the adjudication of the subsequent injury and is not a previous adjudication as required by section 172." 852 P.2d at 159. However, the Legislature amended § 171 approximately one month following the issuance of the mandate in *Carson*.

Fund argues that the statutory definition of a physically impaired person remains substantially the same after the amendment, any changes were *de minimis*, and prior judicial constructions of § 171 remain viable. Claimant disagrees, arguing that after the amendment the trial court need only find a pre-existing condition to exist to proceed against Fund, and a *Crumby* finding is sufficient to do that.

Formerly, § 171 defined a "physically impaired person" as any person with "any disability which *previously* has been adjudged and determined by the Workers' Compensation Court including all separately adjudicated injuries and adjudicated occupational diseases even though arising at the same time." 85 O.S.1991 § 171. (Emphasis added). Effective September 1, 1993, the Legislature

---

1. Fund raised additional issues in its Petition for Review, such as the competency of Claimant's medical evidence and a contention that Fund was not bound by the *Crumby* finding made in the litigation between Claimant and his employer. However, Fund has not briefed those issues, and we address only the issues discussed in

Fund's brief. *See Parks v. Kerr Glass*, 880 P.2d 408 (Okla.App.1994).

2. *J.C. Penney Co. v. Crumby*, 584 P.2d 1325 (Okla.1978).

amended § 171 so that the definition of a "physically impaired person" includes any person with "any *pre-existing disability* adjudged and determined by the Workers' Compensation Court or any disability resulting from separately adjudicated injuries and adjudicated occupational diseases even though arising at the same time." (Emphasis added).

In *Carson,* the claimant argued that prior cases were no longer applicable after 1986 amendments to the Workers' Compensation Act, but the Court stated:

> The 1986 amendments did not change the requirement that the claimant had to be a "physically impaired person" nor did they change the requirement that, if the claimant had not suffered an enumerated loss, his disability must have been adjudicated prior to the subsequent injury for the Fund's liability to attach. 852 P.2d at 159.

The timing of the adjudication of the pre-existing disability was the key to analysis in *Carson,* for the Court went on to reiterate: "Section [sic] 171 and 172 are the relevant statutes in the present case and require *an enumerated loss or an adjudication of disability prior to the subsequent injury* for the Fund's liability to attach." 852 P.2d at 159. (Emphasis added).

 "[W]here a former statute is clear or its meaning has been judicially determined, legislative amendment may reasonably indicate a legislative intent to alter the law." *Special Indemnity Fund v. Archer,* 847 P.2d 791, 795 n. 5 (Okla.1993). As argued by Fund, amendatory acts which retain the same or substantially similar language as provisions formerly in effect will be accorded the construction given the former provisions. *Special Indemnity Fund v. Figgins,* 831 P.2d 1379 (Okla.1992).

However, the language in amended § 171 as it relates to this issue is not the same or substantially similar to the language of the statute interpreted in *Carson.* The Legislature specifically deleted any temporal reference or modifier of "adjudged and determined" and placed such a modifier on "disability." Given the Legislature's choice of language and the timing of this amendment, we can only conclude that the Legisla-

ture intended to allow the Worker's Compensation Court to "adjudge and determine" the pre-existing disability at some time after the subsequent injury. *Carson* does not apply to cases governed by § 171 as amended in 1993.

Finally, Fund argues that a *Crumby* finding does not qualify as an action by the Worker's Compensation Court which "adjudged and determined" a pre-existing disability. We disagree. In a similar context, the Court held in *Dorris v. Continental Carbon Company,* 717 P.2d 603 (Okla.1986) that the Workers' Compensation Court "adjudicated" a pre-existing permanent disability when it made a *Crumby* finding.

On the issues preserved for review, Fund has not demonstrated that the order of the Workers' Compensation Court is contrary to law or unsupported by any competent evidence. Accordingly, the order is sustained.

SUSTAINED.

JONES, P.J., concurs.

GARRETT, Judge, concurring specially.

I concur without reservation. However, the rule in this opinion does not apply when the previous disability has been adjudicated.