1997 OK CIV APP 72

**Roland MIVILLE, Petitioner,**

v.

**SPECIAL INDEMNITY FUND and
the Workers' Compensation
Court, Respondents.**

**No. 89345.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Oct. 21, 1997.

Fred L. Boettcher, Walt Brume, Ponca City, for Petitioner,

Georgiana Peterson, Henry A. Meyer, III, Pray, Walker, Jackman, Williamson and Marlar, Oklahoma City, for Resondents.

JOPLIN, Judge:

¶1 Petitioner Roland Miville (Claimant) seeks review of the trial court's order denying his claim for benefits against Respondent Special Indemnity Fund (Fund). In this proceeding, Claimant asserts misapplication of law by the trial court. Finding the trial court's order free of legal error, however, we hold the order of the trial court should be sustained.

¶2 Claimant sustained an on-the-job injury in August 1991. On August 25, 1995, the Workers' Compensation Court found Claimant, as a result of the 1991 injury, thirty percent (30%) permanently partially disabled over and above a preexisting unad-

judicated disability of twenty percent (20%) sustained in 1974.

¶ 3 Claimant then commenced the instant action against Fund to recover for increased disability as a result of the combination of his now-adjudicated disabilities. After hearing, the trial court found Claimant permanently totally disabled as a result of the combination of disabilities, but denied the claim against Fund, holding (in essence) Claimant not entitled to benefits from Fund under the law in effect at the time of Claimant's subsequent injury in 1991. Claimant now seeks review in this court, alleging the law in effect at the time of the 1995 adjudication of his preexisting disability controls.

¶ 4 Liability of the Fund for increased disability as a result of combination of disabilities is statutory and premised on a determination that the claimant is a "physically impaired person." 85 O.S. § 172. The definition of "physically impaired person" is likewise statutory. 85 O.S. § 171. At the time of Claimant's subsequent injury, § 171 defined the term "physically impaired person" as "a person who as a result of accident, disease, birth, military action, or any other cause, has sustained ... *any disability which previously has been adjudged and determined* by the" Oklahoma Workers' Compensation Court or the workers' compensation court of any other state. 85 O.S.Supp. 1986 § 171. (Emphasis added.) Under that definition, the Oklahoma Supreme Court held that a finding of extent of a pre-existing, but unadjudicated, disability[1] made contemporaneously with the adjudication of a subsequent injury did *not* constitute a "disability ... previously ... adjudged and determined" as to "render a claimant a 'physically impaired person' for purposes of bestowing jurisdiction on the Workers' Compensation Court and attaching liability to the Fund." *Special Indem. Fund v. Carson,* 1993 OK 64, 852 P.2d 157, 158–159.

¶ 5 However, effective September 1, 1993, the Oklahoma Legislature amended § 171, and that section, in effect at the time of the trial court's adjudication of Claimant's subsequent injury, defined "physically impaired person" as "a person who as a result of accident, disease, birth, military action, or any other cause, has suffered ... *any preexisting disability adjudged and determined by the Workers' Compensation Court* or any disability resulting from separately adjudicated injuries and adjudicated occupational diseases even though arising at the same time." 85 O.S.Supp.1993 § 171. The Court of Civil of Appeals has twice construed amended § 171 as effecting a substantive change in the definition of "physically impaired person" and evincing legislative intent to treat a *"Crumby* finding"[2] as a "preexisting disability adjudged and determined" under § 171 as to give rise to potential liability of Fund. *Special Indem. Fund v. Davis,* 1996 OK CIV APP 135, 930 P.2d 830, 832; *Special Indem. Fund v. Richardson,* 1996 OK CIV APP ——, 941 P.2d 532.

¶ 6 As a matter of statutory construction, "where a former statute is clear or its meaning has been judicially determined, legislative amendment may reasonably indicate a legislative intent to alter the law." *Special Indem. Fund v. Archer,* 1993 OK 14, 847 P.2d 791, 795 n. 5; *Richardson,* 941 P.2d at 534. In amending the § 171 definition of a "previously impaired person," the Oklahoma Legislature effected a substantive change in the law. *Davis,* 930 P.2d at 832; *Richardson,* 941 P.2d at 534. To the extent that the Legislature thus effected a substantive change in the § 171 legal definition of "previously impaired person," and expressed no intent to give that change retrospective effect, the substantive change operates prospectively only. *See, e.g., Phillips v. H.A. Marr Grocery Co.,* 1956 OK 104, 295 P.2d 765, 768 ("The general rule is that statutes are to be construed as having a prospective operation unless the purpose and intent of the legislature to give them a retrospective effect is expressly declared or implied from the language used [and] [i]n case of doubt the doubt must be resolved against the retrospective effect.")

---

**1.** That is, a finding made pursuant to *J.C. Penney Co. v. Crumby,* 584 P.2d 1325 (Okla.1978), and commonly referred to as a *"Crumby* finding."

**2.** *See,* footnote 1.

¶7 The Oklahoma Supreme Court has consistently held "the law in effect at the time of the subsequent injury is the law to be used in fixing the liability of the Fund. (Footnote omitted.) (Citations omitted.)" *Archer*, 847 P.2d at 794–795. *Accord, Batt v. Special Indem. Fund,* 1993 OK 163, 865 P.2d 1244; *Special Indem. Fund v. Choate,* 1993 OK 15, 847 P.2d 796. The Legislature having failed to express any intent to give the subsequent amendment to § 171 retrospective effect, Claimant may not take advantage thereof. Under the law in effect at the time of Claimant's subsequent injury, the trial court's determination of Claimant's pre-existing unadjudicated disability contemporaneously with the adjudication of disability arising from Claimant's latest injury did not constitute a disability "previously ... adjudged and determined" as to establish Claimant as a "previously impaired person" as that term was then defined by § 171. *Carson,* 852 P.2d at 159. Having failed to establish himself as a "previously impaired person" as contemplated by § 171 then in effect, Claimant thus had no right to compensation from the Fund under § 172 for any increased disability arising from the combination of his pre-existing unadjudicated disability and the disability arising from his subsequent injury. The trial court in essence so held, and we find the trial court's judgment free of vitiating legal error.

The order of the trial court is therefore SUSTAINED.

HANSEN, P.J., dissents.

BUETTNER, J., concurs.