SPECIAL INDEMNITY
FUND, Petitioner,

v.

Virgil L. BETTERTON and the Workers'
Compensation Court, Respondents.

No. 87017.

Court of Appeals of Oklahoma,
Division No. 3.

Aug. 16, 1996.

Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, for Petitioner.

John Sprowls, Sprowls & Readnour, Pauls Valley, for Respondents.

### MEMORANDUM OPINION

GARRETT, Judge:

Respondent, Virgil L. Betterton (Claimant) filed a Form 3 in the Workers' Compensation Court on June 24, 1992, alleging he sustained an accidental injury arising out of and in the course of his employment with Fields Body Shop. He alleged he injured his back, neck, shoulders and head on February 17, 1992, when he slipped on some cardboard while loading a fender onto a trailer. He also alleged he had a prior workers' compensation injury to his back in 1986. He amended his Form 3 on June 26, 1992, to correct the name of his employer to Phil's Body Shop (Employer).

On August 11, 1993, the trial court awarded Claimant 18% permanent partial disability (PPD) to the body as a whole due to injury to the neck and 2% PPD to the body as a whole due to injury to the back. The court's order provides "the award herein is over and above the pre-existing 61.3 per cent disability claimant had to the neck as a result of prior injury of 1986." The court also found Claimant sustained no PPD to the head or shoulders as a result of the 1992 injury.

On November 3, 1994, Claimant filed a Form 3–F to obtain benefits from the Respondent, Special Indemnity Fund (Fund). His prior injuries are shown on the Form 3–F as: (1) February 26, 1986, with 61.3% to the body, for which a joint petition was filed in the amount of $50,000.00; and (2) June 10, 1975, with 5% injury to his leg, for which a form 14 was filed. He alleged the most recent injury was February 17, 1992, with 18% disability to his neck and 2% disability to his back, as provided in the August 11, 1993 order. His Form 3–F also recites a "joint petition or other settlement" amount of $16,154.00. The Fund answered, denying, *inter alia*, that the disabilities from the injuries which render Claimant a physically impaired person and the PPD from the last injury of February 17, 1992, exceed a total amount of 17% of the body.[1]

The Fund filed a motion for the appointment of an independent physician to examine Claimant to determine whether he is permanently and totally disabled, or alternatively, to determine the material increase in permanent partial disability, if any. In its motion, the Fund alleged a difference of opinion in the parties' medical evidence constituting a divergence of more than 25% within the meaning of 85 O.S.1991 § 17.[2] The court appointed Dr. M. In his February 20, 1995 written report, he recited the 1975 injury and award of 5% PPD to the left leg; the 1986 injury and award of 61% PPD to the body as a whole. As to the two prior injuries he gave the following opinion:

> Due to the combination of this patient's prior injuries, along with the material increase, thereof, it is my opinion the disability in existence prior to the last injury was 64.5% permanent partial disability to the body as a whole, representing a material increase of 1%.

Dr. M. also recited the most recent injury of 1992 and award of 18% PPD to the neck and 2% PPD to the back. He gave the following opinion:

> Due to the combination of this patient's prior injuries, along with their material increase, as well as the last injury, and the material increase, thereof, it is my opinion that this patient now has 114.5% permanent partial disability to the body as a whole, representing a material increase of 30%. It is my opinion that this patient does not suffer total economic impairment.

On February 2, 1996, the trial court entered its order. The court found that at the time of his latest injury, Claimant was a

---

1. Prior to September 1, 1992, the combined injuries must have exceeded 17% to the body before the fund could be liable. See 85 O.S.1991 § 172(C). Effective September 1, 1992, that percentage was increased to 40%. See 85 O.S.Supp.1992 § 172(C).

2. Claimant's expert, Dr. H. rendered an opinion of permanent total disability (PTD), while the Fund's expert, Dr. P., disputed the PTD status.

previously physically impaired person by reason of the 1975 left leg injury with 2.5% to the body as a whole; and the 1986 neck injury, with 61.3% to the body as a whole, for a total of 63.8% PPD to the body as a whole. The court found that by reason of the latest injury (1992), Claimant sustained 20% PPD to the body as a whole for his neck and back injuries. The court found Claimant permanently totally disabled (PTD), due to his most recent injury of 1992, "in combination with all prior injuries and the material increase resulting therefrom." This review proceeding followed.

For reversal, the Fund contends there is no jurisdiction over this claim. It contends Claimant is not entitled to benefits from the Fund because he cannot be adjudicated PTD twice. In support of its contention, it has cited this Court's opinion in *Special Indemnity Fund v. Baker*, 900 P.2d 465 (Okl.App. 1995) (Approved for publication by the Supreme Court). In *Baker*, this Court held that a PTD claim against the Fund was an impermissible collateral attack on a previously adjudicated PTD award for the same injury. We reviewed the purpose of the Fund under 85 O.S.1991 § 172.

In the instant case, Claimant's 1986 neck injury resulted in a joint petition settlement. The percentage of disability as a result of that injury was 61.3%. The joint petition recites "neck injury, resulting in total permanent disability". Claimant accepted a $50,-000.00 settlement for that claim, for which an annuity was bought to pay the claim. The total present day value of the annuity was $51,951.91, and the joint petition provides, "It is further understood and agreed an anuety (sic) payable $400.00 per month to claimant until death."

As a result of Claimant's most recent injury of 1992 to his neck and back, he sustained a 20% whole body impairment. At least one medical expert, Dr. H., opined Claimant was PTD at 83.8%. The Fund, however, contends he cannot *again* claim to be PTD, and further, that the Fund should not be required to pay the entire PTD award, citing *Baker*.

■ We agree with the Fund that it is not required to pay the entire award. However,

we distinguish this case from *Baker*, supra. Claimant Baker was attempting to use the *same injury*, for which he had already received a PTD award from his employer, to serve as the subsequent injury against the Fund to find a material increase of liability. We held the same injury could not be adjudicated as a PTD award in 1992, and as a 99% PPD award in 1994, combined with a previous unadjudicated injury, to assess PTD liability against the Fund. Claimant Baker attempted to use the previous injury as both the previous *and* the most recent injury. Because the Fund's liability is purely derivative of the Employer's liability, and Baker had already been paid 100% for that injury, there was nothing more to pay *for that injury*. The Fund's liability is limited to compensation for the material increase, if any, resulting from combined disabilities. In *Baker*, there was no material increase. Baker had received the maximum amount, and the trial court did not find there was a material increase. There was no material increase because there was no later injury upon which to determine an increase.

In the instant case, however, different injuries are being combined. Despite the award of "PTD" in two different orders, the workers' compensation court was determining Claimant's condition at two different times, as a result of two separate injuries. The court in the instant case did not, as in *Baker*, use the same injury and award as both the previous and the subsequent injuries to determine the "material increase", i.e., the Fund's liability.

However, the trial court did not determine the amount of the material increase. The order merely finds Claimant permanently totally disabled, apparently ordering the Fund to pay PTD benefits to Claimant. The Fund is liable only for the increase, if any. In *Baker*, we noted the purpose of 85 O.S.1991 §§ 171, 172, and the extent of Fund's liability, citing *Western Co. of North America v. Nicholson*, 854 P.2d 905, 908 (Okl.1993):

Under this statutory scheme, the Special Indemnity Fund pays the permanently and totally disabled worker the difference between the amount of disability for which

the present employer is liable and the amount necessary to compensate him fully for his combined disability. The purpose of these statutes is

> ... to protect the employer against responsibilities for the combination of old and new disabilities *so that the employer can, without fear of having to pay for disabilities not inflicted, employ a physically impaired person.* [Emphasis added.]

*J.C. Penney Co. v. Crumby,* 584 P.2d 1325, 1329 (Okla.1978).

 A claimant may be permanently totally disabled more than once if more than one injury is involved. See *Special Indemnity Fund v. Doughty,* 558 P.2d 396, 397 (Old.1976), wherein the Supreme Court stated, "There is no statutory provision which would require the State Industrial Court to give conclusive weight to the prior adjudication of the percentage of permanent disability. On the contrary, this prior adjudication constitutes only prima facie evidence that claimant is a 'physically impaired person.'" A *rebuttable presumption* exists that, at the time of the subsequent injury, the condition of a physically impaired person has not changed since the last adjudication. See *B.F. Goodrich v. Frost,* 630 P.2d 321 (Okl.1981). "The party wishing to show a change shall have the burden of coming forth with the evidence and the burden of persuasion." *Id.* At 323. The crucial time for determining Claimant's condition in a case against the Fund is at the time of the last, i.e., most recent, injury. Although a claimant may have been previously adjudicated PTD for an earlier injury, if his condition had improved at the time he sustained a later, different injury, the court may determine Claimant is only partially impaired **now** because of the earlier injury. The Fund's liability may arise if there is a material increase in the percentage of impairment between the extent of impairment due to his earlier injury and the percentage of impairment attributable to the latest injury. For the Funds's liability to arise, the disability resulting from the combination of the worker's new injury with prior impairments must be materially greater than that which would have resulted from the latest injury alone. See 85 O.S.1991 § 172(A).

The trial court failed to determine the increase. This was error.

The order of the Workers' Compensation Court is vacated, and this case is remanded to the trial court for further proceedings in accordance with the views expressed in this opinion.

VACATED AND REMANDED.

CARL B. JONES, P.J. and ADAMS, V.C.J., concur.