SPECIAL INDEMNITY
FUND, Petitioner,

v.

Billy Shell DAVIS and Workers'
Compensation Court,
Respondents.

No. 87428.

Court of Civil Appeals of Oklahoma,
Division No. 4.

Nov. 26, 1996.

Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, for Petitioner.

. Jeffrey M. Cooper, William E. Woodson, Woodson & McIlroy, Norman, for Respondents.

REIF, Judge.

The Special Indemnity Fund seeks review of an award of permanent total disability that was based on the combined disability of Claimant's job-related back injury of September 1, 1993, and certain disabilities that pre-dated this back injury. The Fund assigns error in the trial court's jurisdictional determination that Claimant was a "physically impaired person" from the disabilities that pre-dated the job-related injury. In ruling that Claimant was a "physically impaired person," the trial court used the "*Crumby* finding" of pre-existing neck and back disability in the award for the September 1, 1993, injury, along with a determination of a vascular disorder in his legs. The Fund maintains that (1) *Crumby* findings are not the type of adjudication of a pre-existing impairment that will support recovery from the Fund, and (2) Claimant's vascular disorder in his legs was not an "obvious and apparent" pre-existing impairment.

The Fund acknowledges a 1993 amendment to section 171 of title 85 of the Special Indemnity Fund Act that changed the definition of "physically impaired person" that is pertinent herein. The definition was changed *from* a person who has suffered "any disability which previously has been adjudged and determined by the Workers' Compensation Court" *to* a person who has suffered "any pre-existing disability adjudged and determined by the Workers' Compensation Court." The Fund nonetheless argues that the amendment did not substantially change the requirement that the pre-existing disability be adjudicated. In view of this, the Fund urges that we apply the pre-amendment case of *Special Indemni-*

ty *Fund v. Carson*, 852 P.2d 157 (Okla.1993), and hold that a *Crumby* finding is not a sufficient adjudication to support recovery from the Fund.

■ We agree that the 1993 amendment did not change the requirement that pre-existing disability must be adjudicated, but it did change the requirement that it be "disability which *previously* has been adjudged and determined." *Carson* did not hold that a Crumby finding was not a sufficient adjudication of pre-existing disability, but only that "[a] *Crumby* finding is made contemporaneous with the adjudication of the subsequent injury and is not a *previous* adjudication." *Id.* at 159 (emphasis added). By eliminating the express requirement that the qualifying pre-existing disability be one that is "previously . . . adjudged and determined," the legislature has indicated that the time at which the pre-existing disability is adjudged and determined is no longer important in applying section 172. The emphasis is clearly upon the question of whether *the combination* of pre-existing disability and subsequent employment-related disability is *materially greater* than the disability which would have resulted from the subsequent injury alone. It makes no practical or appreciable difference in deciding this question, whether the pre-existing disability has been adjudicated prior to the subsequent injury, or is adjudicated by a *Crumby* finding contemporaneous with the disability from the subsequent injury. The trial court did not err in treating the Crumby finding as a "pre-existing disability adjudged and determined" for purposes of Claimant's recovery from the Fund.

■ As concerns the finding that the vascular condition in Claimant's legs was an open and obvious pre-existing disability, we also find no error. It is sufficient to note that the open and obvious character of the condition was established by Claimant's testimony about the pain, cramps and difficulty he had in walking, his wife's testimony that he walked with a "shuffle," and the medical testimony concerning Claimant's "altered gait."

In view of the foregoing, we sustain the award.

SUSTAINED.

RAPP, C.J., and TAYLOR, P.J., concur.