2001 OK CIV APP 134

**Freda CHRONISTER–OZBIRN,**
**Petitioner,**

v.

**MULTIPLE INJURY TRUST FUND,**
**and the Workers Compensation**
**Court, Respondents.**

**No. 95524.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Sept. 28, 2001.

W.C. Doty, The Bell Law Firm, Norman, OK, for Petitioner.

Georgiana Peterson, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, OK, for Respondent, Multiple Injury Trust Fund.

## OPINION

ADAMS, Presiding Judge:

¶ 1 This review proceeding involves a claim against the Multiple Injury Trust Fund (Fund) and presents the question whether a so-called *Crumby*[1] finding that Claimant Freda Chronister Ozbirn had a twenty percent pre-existing impairment to her back at the time of her most recent compensable injury allows the Workers' Compensation Court to combine that impairment with others to find Claimant permanently totally disabled from the combination of all the impairments. Because Claimant's most recent injury occurred prior to September 1, 1992, we conclude it does not and sustain the order refusing to do so.

¶ 2 Claimant sustained at least two compensable injuries during her employment by Braum's, Inc., the most recent occurring in 1988. After initial adjudication of those claims and reopening her claims against Braum's on those injuries, she finally settled her claims against Braum's by joint petition. In 1992, during those proceedings, a Workers' Compensation Court trial judge found that at the time of her most recent injury she had a pre-existing twenty percent impairment to her back which was not related to her employment (the *Crumby* finding). Although other portions of that order granting her benefits were later modified on *en banc* appeal, this finding was never vacated and the order including that finding became final, as modified.[2]

¶ 3 Subsequently, Claimant filed a claim against Fund seeking a determination that she was permanently totally disabled. In doing so, Claimant asked the trial court to combine the disability caused by her most recent injury (1988 injury) with the disability caused by a prior injury for which she had received compensation *and* the twenty per-

---

1. This name is generally used to refer to findings made by the Workers' Compensation Court concerning the level of pre-existing impairment suffered by a claimant at the time the claimant received a work-related injury in order to comply with *J.C. Penney Company v. Crumby,* 1978 OK 80, 584 P.2d 1325.

2. The trial judge made that finding to fulfill his obligation under *J.C. Penney Company v. Crumby,* 1978 OK 80, 584 P.2d 1325. *Crumby* held that

an employer is responsible only for the disability resulting from the injury involved in the claim at issue and may not be held responsible for any increased disability caused by the combination of the disability caused by that injury and any pre-existing disability. The Court vacated a permanent total disability award against J.C. Penney Company because the lower court had not made a determination of the level of Crumby's pre-existing disability at the time of the injury involved.

cent pre-existing impairment to her back as determined by the trial court in 1992. The trial court refused to consider the back impairment, concluding that Claimant did not have an "obvious and apparent" impairment to her back prior to her most recent injury, and that the 1992 *Crumby* finding did not make her back impairment combinable in order to determine Fund's liability.

¶ 4 In this review proceeding, Claimant does not take issue with the trial court's finding on the "obvious and apparent" issue but argues only that the *Crumby* finding allowed the trial court to combine the back impairment with her other disabilities. In so arguing, Claimant recognizes that the 1992 *Crumby* finding could not be used to make her a "physically impaired person" as defined by *85 O.S.Supp.1986 § 171,* because it could not be seen as a disability that "previously had been adjudged and determined by the Workers' Compensation Court" at the time of her 1988 injury. *See Special Indemnity Fund v. Carson,* 1993 OK 64, 852 P.2d 157.[3] However, according to Claimant, *Carson* does not prevent the Workers' Compensation Court from combining the disability shown by the 1992 Crumby finding with the disability from the 1988 injury, because Claimant's status as a "physically impaired person" in 1988 was established by a prior work-related injury which had been adjudicated and for which she received benefits.

¶ 5 This argument ignores key provisions contained in *85 O.S.Supp.1986 § 172* which control the manner in which Fund's liability is determined. Subsection A of that statute provides, in pertinent part:

If an employee who is a "physically impaired person" receives an accidental personal injury compensable under the Workers' Compensation Act which results in additional permanent disability so that the degree of disability caused by *the combination of both disabilities* is materially greater than that which would have result-

ed from the subsequent injury alone, the employee shall receive compensation on the basis of *such combined disabilities.* (Emphasis added).

It is apparent that the emphasized language refers to combining the disability which made the employee a "physically impaired person" with the disability resulting from the most recent compensable injury.

¶ 6 Other language in this same subsection supports the conclusion that only pre-existing disability which would make the employee a "physically impaired person" may be considered in determining Fund's liability. The subsection provides:

If such combined disabilities constitute partial permanent disability as now defined by the Workers' Compensation Act of this state, then such employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury, and in addition thereto such employee shall receive a full compensation for his combined disability as above defined, *after deducting therefrom the percent of that disability that constituted the employee a "physically impaired person."* (Emphasis added).

¶ 7 Having due regard for the Legislature's chosen language, we hold that any disability in existence on the date of the most recent compensable injury which would not make the employee a "physically impaired person" as defined in § 171 may not be considered in determining Fund's liability. Having so concluded, we must sustain the trial court's order.

¶ 8 SUSTAINED

¶ 9 CARL B. JONES, J., and JOPLIN, J., concur.

---

3. In 1992, the Legislature amended § 171 to remove the significance of the timing of the adjudication of the pre-existing disability. *See Spe-*

*cial Indemnity Fund v. Davis,* 1996 OK CIV APP 135, 930 P.2d 830.