OSCN Found Document:MULTIPLE INJURY TRUST FUND v. WIGGINS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 







 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MULTIPLE INJURY TRUST FUND v. WIGGINS
2017 OK 76
Case Number: 114584
Decided: 09/26/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 76, __ P.3d __

 

Multiple Injury Trust Fund, Petitioner,
v.
Maggie Wiggins and the Workers' Compensation Court of Existing Claims, Respondents.

CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION IV
ON REVIEW FROM THE WORKERS' COMPENSATION 
COURT OF EXISTING CLAIMS 

HONORABLE L. BRAD TAYLOR, TRIAL JUDGE

¶0 The Workers Compensation Court of Existing Claims ruled Maggie Wiggins was a physically impaired person under 85 O.S.2011, § 402(A)(4), at the time of a job-related injury to her back in September of 2011. This status was based on a Crumby finding of preexisting disability in her back that the Court made in the same proceeding to adjudicate disability for the job-related injury to her back. The Court entered a permanent total disability award against MITF as a result of combining these disabilities. In doing so, the Court acknowledged that Ball v. Multiple Injury Trust Fund, 2015 OK 64, 360 P.3d 499, held a Crumby finding was not a previous adjudication of disability that would qualify a person as a physically impaired person for MITF liability. The Court believed, however, that the Legislature added a proviso to § 402(A)(4), after Ball was decided, that allowed use of a Crumby finding as a qualifying previous adjudication, if the Crumby disability was in the same body part as the last injury. The Court of Civil Appeals vacated the award. The Court of Civil Appeals ruled that the proviso in § 402(A)(4), only allowed Crumby disability to be combined with last injury disability in the same body part, where the claimant had otherwise satisfied the physically impaired person requirement. We have previously granted certiorari.

CERTIORARI GRANTED; OPINION OF THE COURT OF CIVIL APPEALS
VACATED; THE MULTIPLE INJURY TRUST FUND AWARD VACATED.

Victor R. Owens, VICTOR R. OWENS, P.L.L.C., Tulsa, Oklahoma, for Petitioner on Certiorari,

Brandy L. Inman, LATHAM, WAGNER, STEELE & LEHMAN, Tulsa, Oklahoma, for Respondent on Certiorari.

REIF, J.:

¶1 This case concerns the meaning and effect of a proviso in 85 O.S.2011, § 402(A)(4).[1] The general subject of § 402(A) is the definition of physically impaired person for purposes of recovery from the Multiple Injury Trust Fund (MITF). Subsection 402(A)(4) provides that an injured worker with "[a]ny previous adjudications of disability adjudged and determined by the Workers' Compensation Court" qualifies as a physically impaired person. The proviso in § 402(A)(4) further addresses the more narrow subject of cases where the claimant's preexisting disability and last injury disability are in the same body part. The Workers' Compensation Court of Existing Claims and the Court of Civil Appeals reached very different conclusions concerning the application of the proviso to Ms. Wiggins' MITF claim.

¶2 The Workers' Compensation Court of Existing Claims found Ms. Wiggins was a "physically impaired person" at the time of her job-related injury, based on a Crumby finding of preexisting disability in her back (i.e. preexisting disability that had not been adjudicated at the time of her injury). See J.C. Penny Co. v. Crumby, 1978 OK 80, 584 P.2d 1325. The Court made the Crumby finding just prior to adjudicating disability from the job-related injury. The Court further determined Ms. Wiggins was permanently totally disabled from the combined disability of (1) the Crumby finding preexisting disability and (2) the disability caused by the job-related injury to her back.

¶3 In reaching this conclusion, the Court of Existing Claims acknowledged the rule in Ball v. Multiple Injury Trust Fund, 2015 OK 64, 360 P.3d 499, prohibiting the use of a Crumby finding to meet the physically impaired person requirement for recovery from MITF. The Court observed, however, that the Legislature added the same-body-part proviso to § 402(A)(4), after Ball was decided. The Court concluded the Legislature did so to allow use of Crumby finding disability to meet the physically impaired person requirement, in cases where the Crumby finding disability was in the same body part as the disability from the job-related injury.

¶4 In a review proceeding brought by MITF, the Court of Civil Appeals vacated the award. The Court of Civil Appeals ruled that the proviso in § 402(A)(4), only applies to the combination of Crumby preexisting disability with disability form the last injury, when the Crumby preexisting disability is in the same body part as involved in the latest injury. The Court of Civil Appeals held that claimants for MITF compensation must still establish their status as physically impaired persons by non-Crumby finding adjudications of disability that predate the last injury. The language in the proviso supports the Court of Civil Appeals interpretation.

¶5 The proviso states: "Provided that, any adjudication of preexisting disability to a part of the body shall not be combinable for purposes of Multiple Injury Trust Fund [liability] unless that part of the body was deemed to have been injured in the claim being adjudicated." § 402(A)(4)(emphasis added). In Mackey v. Multiple Injury Trust Fund, 2017 OK ___, ¶ 5, ___ P.3d ___, this Court said that the meaning and effect of the term "adjudications of preexisting disability" is found in the larger body of law governing awards from MITF and is not the equivalent of "previous adjudications of disability," that establish physically impaired person status.

¶6 The Mackey case focused on the language in the proviso that combinable preexisting disability be in "that part of the body . . . injured in the claim being adjudicated." Mackey, ¶ 6. As the Mackey case noted, in a proceeding to recover from MITF, the issue is combining disabilities, not adjudicating injury. Id. Adjudication of the last injury must be completed before an injured worker can seek recovery from MITF. Id.

¶7 The Mackey case concluded that the reference in the proviso to "injured in the claim being adjudicated" is an unmistakable reference to adjudication of the last injury and the subtraction of any preexisting disability from the employer's liability. Mackey, ¶ 7. The preexisting disability that is subtracted from the last employer's liability is the "Crumby finding." Id.

¶8 In Ball v. Multiple Injury Trust Fund, 2015 OK 64, 360 P.3d 499, this Court held that the Legislature intended to exclude the use of Crumby findings for purposes of qualifying as a physically impaired person who is eligible for MITF compensation. The proviso did not change the exclusion of Crumby findings as "previous adjudications of disability." Mackey, ¶ 8. The proviso simply allowed an injured worker, who is otherwise qualified as a physically impaired person, to combine Crumby disability to determine permanent total disability, if the Crumby disability is in the same body part as disability from the last injury. Id.

¶9 As Mackey observed this meaning and effect would have been more obvious if the Legislature had placed the proviso in § 404(A) between the second and third sentences, instead of placing it with the jurisdictional requirements in § 402(A). ¶ 9. Poor drafting notwithstanding, this meaning and effect is discernable from in pari materia reading of § 402(A) with § 404(A), and reflects Legislative intent that this Court must respect and enforced.

¶10 It is readily apparent that this Court's grant of certiorari was not based on any finding error by the Court of Civil Appeals in deciding this case. Certiorari was granted to resolve the conflict created by the Court of Civil Appeals opinions in this case and the Mackey. case. Upon certiorari review, we likewise hold Ms. Wiggins was not a physically impaired person at the time of her job-related injury and vacate the award against MITF.

CERTIORARI GRANTED; OPINION OF THE COURT OF CIVIL APPEALS
VACATED; THE MULTIPLE INJURY TRUST FUND AWARD VACATED.

CONCUR: GURICH, V.C.J., KAUGER, WATT, EDMONDSON, COLBERT, and REIF, JJ.

CONCUR IN RESULT: COMBS, C.J. and WINCHESTER, J.

CONCURS IN JUDGMENT: WYRICK, J. (by separate writing).

FOOTNOTES

[1] Section 402(A)(4) provides:

A. For the purposes of Sections 75 through 79 of this act, the term "physically impaired person" means a person who, as a result of accident, disease, birth, military action, or any other cause, has suffered:

. . .

4. Any previous adjudications of disability adjudged and determined by the Workers' Compensation Court or any disability resulting from separately adjudicated injuries and adjudicated occupational diseases even though arising at the same time. Provided, that any adjudication of preexisting disability to a part of the body shall not be combinable for purposes of the Multiple Injury Trust Fund unless that part of the body was deemed to have been injured in the claim being adjudicated.

Section 402 was repealed effective February 1, 2014. Claims before the Workers' Compensation Commission are now governed by 85A O.S. Supp. 2014 § 30.

Wyrick, J., concurring in the judgment:

¶1 I agree with the Court that Ms. Wiggins lacks the "previous adjudication of disability" necessary to qualify her as a "physically impaired person" under 85 O.S.2011 § 402(A)(4). As such, I also agree with the Court's decision to vacate the award in this case because, without a "physically impaired person" before it, the Workers' Compensation Court was without jurisdiction to enter such an award against the MITF.

¶2 I disagree, however, with the Court's interpretation of section 402(A)(4). In my view, a claimant cannot qualify as a "physically impaired person" under section 402(A)(4) unless that claimant can present a formal adjudication of disability that (1) predates the most recent work-related injury and (2) found disability to a part of the body "deemed to have been injured" in the most recent work-related injury. See Multiple Injury Trust Fund v. Mackey, 2017 OK 75, ¶ 8, --- P.3d --- (Wyrick, J., dissenting).

¶3 For these reasons, I concur in the judgment only.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2015 OK 64, 360 P.3d 499, BALL v. MULTIPLE INJURY TRUST FUND
Discussed at Length
 1978 OK 80, 584 P.2d 1325, J.C. PENNEY CO. v. CRUMBY
Discussed
 2017 OK 75, MULTIPLE INJURY TRUST FUND v. MACKEY
Cited
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 402, Repealed
Discussed at Length
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 30, Definition of "Physically Impaired Person"
Cited