OSCN Found Document:MULTIPLE INJURY TRUST FUND v. MACKEY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 







 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MULTIPLE INJURY TRUST FUND v. MACKEY
2017 OK 75
Case Number: 114429
Decided: 09/26/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 75, __ P.3d __

 

Multiple Injury Trust Fund, Petitioner,
v.
Jolid Mackey, and the Workers' Compensation Court of Existing Claims, Respondents.

CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION I,
ON REVIEW FROM THE WORKERS' COMPENSATION 
COURT OF EXISTING CLAIMS 

HONORABLE OWEN T. EVANS, TRIAL JUDGE

¶0 The Workers' Compensation Court of Existing Claims determined Jolid Mackey was a physically impaired person at the time of his last injury to his left shoulder in February of 2013. His physically impaired status was based on several adjudications of disability that predated the last injury as provided in 85 O.S.2011, § 402(A)(4). The Court further determined that he was permanently totally disabled as a result of combining the previously adjudicated disability with the disability from the last injury. The Court thereupon entered an award against the Multiple Injury Trust Fund (MITF). In a review proceeding brought by MITF, the Court of Civil Appeals interpreted a proviso in § 402(A)(4), as limiting use of previously adjudicated disability for determining combined disability. The Court of Civil Appeals concluded that only previously adjudicated disability in the same body part as affected by the last injury could be combined. Noting that none of Mr. Mackey's prior adjudications involved disability to the left shoulder, the Court of Civil Appeals vacated the award against MITF. Mr. Mackey filed a petition for certiorari, asking this Court to review the opinion of the Court of Civil Appeals. We have previously granted certiorari.

CERTIORARI GRANTED; OPINION OF THE COURT OF CIVIL APPEALS
VACATED; THE MULTIPLE INJURY TRUST FUND AWARD SUSTAINED.

Richard Bell, David Custer, THE BELL LAW FIRM, Norman, Oklahoma, for Petitioner on Certiorari,

Brandy L. Inman, LATHAM, WAGNER, STEELE & LEHMAN, Tulsa, Oklahoma, for Respondent on Certiorari.

REIF, J.:

¶1 This case concerns the meaning and effect of a proviso in 85 O.S.2011, § 402(A)(4).[1] The general subject of § 402(A) is the definition of physically impaired person for purposes of recovery from the Multiple Injury Trust Fund (MITF). Subsection 402(A)(4) provides that an injured worker with "[a]ny previous adjudications of disability adjudged and determined by the Workers' Compensation Court" qualifies as a physically impaired person. The proviso in § 402(A)(4), further addresses the narrower subject of cases where the claimant's preexisting disability and last-injury disability are in the same body part. The Workers' Compensation Court of Existing Claims and the Court of Civil Appeals reached very different conclusions concerning the application of the proviso to Mr. Mackey's MITF claim.

¶2 The Workers' Compensation Court of Existing Claims found Mr. Mackey was a "physically impaired person," at the time of his last injury based on previously adjudicated disability in his right arm, right hand, lungs and both hands. The Court further determined Claimant was permanently totally disabled from the combined disability of (1) these previously adjudicated disabilities and (2) the last injury to his left shoulder. The Court of Existing Claims apparently concluded that the proviso in § 402(A)(4), did not apply in Mr. Mackey's case. The Court entered an award to be paid by MITF.

¶3 In a review proceeding brought by MITF, the Court of Civil Appeals vacated the award. The Court of Civil Appeals ruled that the proviso in § 402(A)(4) restricts combinable previously adjudicated disability to previous disability in the same body part as involved in the latest injury. The proviso states: "Provided, that any adjudication of preexisting disability to a body part shall not be combinable for purposes of Multiple Injury Trust Fund [liability] unless that part of the body was deemed to have been injured in the claim being adjudicated." § 402(A)(4)(emphasis added). In vacating the award, the Court of Civil Appeals expressly found "Claimant's subsequent injury to his left shoulder . . . was not the same body part which was the subject of any of the previous adjudications of disability (i.e., right arm and right hand . . . lungs . . . both hands)."

¶4 The Court of Civil Appeals concluded that the phrase "shall not be combinable . . . unless" created a mandatory condition for recovery from MITF. That is, the same-body-part condition in the proviso must be met, in addition to the physically impaired person condition, in order to recover from MITF. Stated another way, the Court of Civil Appeals treated compliance with the proviso as jurisdictional.

¶5 To reach this conclusion, the Court of Civil Appeals apparently equated the term "previous adjudications of preexisting disability" in the proviso with the term "previous adjudications of disability" as used in the jurisdictional definition of physically impaired person. This equivalence in meaning is certainly reasonable given the context in which these terms appear and the subject to which they relate. Upon closer examination of § 402(A)(4), however, we believe the meaning and effect of the term "previous adjudications of preexisting disability" is found in the larger body of law governing awards from MITF, and is not the equivalent of "previous adjudications of disability."

¶6 An indication that "previous adjudications of preexisting disability" has a meaning different from "previous adjudications of disability" is found in the language in the proviso that combinable preexisting disability be in "that part of the body . . . injured in the claim being adjudicated." § 402(A)(4). In a proceeding to recover from MITF, the issue is combining disabilities, not adjudicating injury. Indeed, adjudication of the last injury must be completed before an injured worker can seek recovery from MITF. Multiple Injury Trust Fund v. Wade, 2008 OK 15, ¶ 16, 180 P.3d 1205, 1209; J.C. Penny Co. v. Crumby, 1978 OK 80, ¶ 4, 584 P.2d 1325, 1329.

¶7 The reference in the proviso to "injured in the claim being adjudicated" is an unmistakable reference to adjudication of the last injury and the subtraction of any preexisting disability from the employer's liability. See 85 O.S.2011, 404(A); Wade, 2008 OK at ¶ 16, 180 P.3d at 1209; and Crumby, 1978 OK at ¶ 16, 584 P.2d at 1331. The preexisting disability that is subtracted from the last employer's liability is historically and most commonly called a "Crumby finding."

¶8 To be sure, this Court has said that the Legislature intended to exclude the use of Crumby findings for purposes of seeking recovery from MITF. Ball v. Multiple Injury Trust Fund, 2015 OK 64, 360 P.3d 499. However, the Ball case found such intent was to exclude a Crumby finding from the category of "previous adjudications of disability" that qualifies an injured worker as a physically impaired person. The proviso did not change this rule. What the proviso did was allow an injured worked who is otherwise qualified as a physically impaired person, to combine Crumby-disability with other disabilities to determine permanent total disability, if the Crumby disability is in the same body part as disability from the last injury.

¶9 Rather than place a jurisdictional restriction on recovery from MITF, the same-body-part proviso allows Crumby-disability to be combined with last-injury disability for purposes of MITF liability. This meaning and effect would have been more obvious if the Legislature had placed the proviso in § 404(A) between the second and third sentences, instead of placing it with the jurisdictional requirements in § 402(A). Poor drafting notwithstanding, this meaning and effect is discernable from in pari materia reading of § 402(A) with § 404(A). See Ball, 2015 OK at ¶ 16, n. 29, 360 P.3d at 506, n. 29 ("Words and phrases of a statute are to be understood and used not in an abstract sense, but with due regard for context and they must harmonize with other sections of the act to determine the purpose and intent of the legislature.")

¶10 By focusing on what the Court of Civil Appeals perceived to be a dispositive jurisdictional issue, the Court did not address the issues raised by MITF in its petition for review and supporting briefs. Having granted certiorari, and having the trial court record as well as the parties' briefs submitted on review, we will address and decide the MITF's claims of error.

¶11 MITF briefed only three of the nine assignments of error set forth in its petition for review. The three briefed assignments of error are all grounded in the fact that Mr. Mackey had been previously awarded permanent total disability compensation in 2003.

¶12 The crux of MITF's position is that a claimant cannot be permanently and totally disabled more that once or, at least, cannot receive MITF compensation more than once. MITF reasons that MITF has already paid for the permanent and total effect of Mr. Mackey's "previous adjudications of disability" and to award additional compensation based on these same disabilities is an unauthorized extension of the statutory liability the Legislature created for MITF. MITF further reasons that even if Mr. Mackey could be permanently and totally disabled more than once, the prior adjudication of his condition is final and binding, unless there is a further adjudication that he sustained a change of condition for the better. We disagree.

¶13 It has long been recognized that the extent of a claimant's previous permanent disability, at the time of a subsequent injury, is a question of fact and a prior adjudication of permanent disability is not conclusive on this issue. Special Indemnity Fund v. Doughty, 1976 OK 147, ¶¶ 8, 9, 558 P.2d 396, 397. A factor that is conclusive is a PTD claimant's return to work; this factor conclusively establishes he or she is no longer permanently totally disabled and is not entitled to further PTD compensation. Id.

¶14 A claimant who returns to work can sustain permanent total disability from a subsequent injury and "may be permanently totally disabled more than once if more than one injury is involved." Special Indemnity Fund v. Betterton, 1996 OK CIV APP 99, ¶ 13, 925 P.2d 86, 89. As the Court of Civil Appeals explained: "Despite the award of 'PTD' in two different orders, the workers' compensation court was determining Claimant's condition at two different points in time, as a result of two separate injuries." Id. at ¶ 11, 925 P.2d at 88.

¶15 In the Ball case, this Court took note of "the obvious legislative intent over the last twenty years to decrease and limit the Fund's liability." 2015 OK at ¶ 16, 360 P.3d at 507. In light of this policy, if the Legislature had wanted to change this longstanding view of permanent total disability, we believe the Legislature would have either drafted new provisions to do so or would have expressly limited claimants to only one award for permanent total disability. The Legislature did not do so by enactment and neither will we by construction.

¶16 Upon review, we hold that the Workers' Compensation Court of Existing Claims did not err in determining that Mr. Mackey had sustained permanent total disability as the result of the combined effect of previously adjudicated disabilities and his last job-related injury in 2013 to his left shoulder. Accordingly, we reinstate and sustain the award of permanent total disability against the Multiple Injury Trust Fund.

CERTIORARI GRANTED; OPINION OF THE COURT OF CIVIL APPEALS
VACATED; THE MULTIPLE INJURY TRUST FUND AWARD SUSTAINED.

CONCUR: GURICH, V.C.J., KAUGER, WATT, EDMONDSON, and REIF, JJ.

DISSENT: COMBS, C.J., WINCHESTER, and WYRICK, JJ. (by separate writing).

NOT PARTICIPATING: COLBERT, J.

FOOTNOTES

[1] Section 402(A)(4) provides:

A. For the purposes of Sections 75 through 79 of this act, the term "physically impaired person" means a person who, as a result of accident, disease, birth, military action, or any other cause, has suffered:

. . .

4. Any previous adjudications of disability adjudged and determined by the Workers' Compensation Court or any disability resulting from separately adjudicated injuries and adjudicated occupational diseases even though arising at the same time. Provided, that any adjudication of preexisting disability to a part of the body shall not be combinable for purposes of the Multiple Injury Trust Fund unless that part of the body was deemed to have been injured in the claim being adjudicated.

Section 402 was repealed effective February 1, 2014. Claims before the Workers' Compensation Commission are now governed by 85A O.S. Supp. 2014 § 30.

Wyrick, J., with whom Combs, C.J., and Winchester, J., join, dissenting:

¶ 1 It should go without saying that when the Legislature changed the definition of "physically impaired person," it changed the definition of "physically impaired person." In the English language, provisos (i.e., clauses beginning with the words "provided that . . .") place a condition or limitation on the immediately preceding text.[1] So when the Legislature added a proviso to the end of its definition of "physically impaired person," it intended to place a new condition or limitation on how it had previously defined "physically impaired person." Because the majority instead holds that the amendment did nothing to alter the definition of "physically impaired person," I respectfully dissent.

I.

¶2 To make a claim against the Multiple Injury Trust Fund, one must be a "physically impaired person," a term that is defined in 85 O.S.2011 § 402(A). The Legislature modified this definitional statute in 2011, adding a sentence to the end of subpart (A)(4):

[T]he term "physically impaired person" means a person who, as a result of accident, disease, birth, military action, or any other cause, has suffered:

1. The loss of the sight of one eye;

2. The loss by amputation of the whole or a part of a member of the body;

3. The loss of use or partial loss of use of a member such as is obvious and apparent from observation or examination by a person who is not skilled in the medical profession;

4. Any previous adjudications of disability adjudged and determined by the Workers' Compensation Court or any disability resulting from separately adjudicated injuries and adjudicated occupational diseases even though arising at the same time. Provided, that any adjudication of preexisting disability to a part of the body shall not be combinable for purposes of the Multiple Injury Trust Fund unless that part of the body was deemed to have been injured in the claim being adjudicated.

As a matter of proper usage, this proviso places a limitation on the immediately preceding sentence. Thus, the proviso narrows the class of previous adjudications of disability that may qualify a person as a "physically impaired person" to those adjudications that "adjudged and determined" a disability to the same part of the body that has been deemed injured in the most recent claim, i.e., the claim that has prompted the attempt to recover from the Multiple Injury Trust Fund. This means that fewer persons will now qualify for "physically impaired" status than would have before the proviso took effect.

¶3 In my view, this is the most plain, natural reading of the proviso. It is a reading that gives meaning to the proviso as a proviso, and is consistent with our prior recognition of the Legislature's long-existing intent to reduce the liability of the MITF.[2] It also gives effect to the Legislature's decision to amend section 402, the function of which is to define the term "physically impaired person" for purposes of claims filed against the MITF; indeed, its very title is "Definition of 'Physically Impaired Person.'" Not surprisingly then, this is the meaning assigned to the proviso by the Court of Civil Appeals in this case,[3] and by two other panels of the Court of Civil Appeals.[4]

¶4 The majority takes a different view, holding that the amendment to section 402 did not alter section 402, but rather an entirely different section of law that describes how "permanent total disability" (PTD) is determined.[5] The majority acknowledges that, had the Legislature intended to modify how PTD is calculated for purposes of MITF claims, it should have placed the relevant sentence "in § 404(A) . . . instead of placing it with the jurisdictional requirements in § 402(A)," but the majority attributes the Legislature's failure to do so to "poor drafting."[6] It is our duty, however, to give meaning and effect to the words chosen by the Legislature unless doing so would result in an absurdity, and there is no absurdity in reading the proviso as a modification of the definition of "physically impaired person." To the contrary, it is entirely consistent with what we have previously described as "obvious legislative intent" over the past two decades to "decrease and limit the Fund's liability,"[7] due to the Fund's persistent solvency concerns.[8]

¶5 The majority offers two justifications for its decision to attribute the amendment's placement in section 402(A) to legislative mistake. First, the majority correctly points out that the Legislature used the term "adjudication of preexisting disability" in the proviso, rather than the term it used just prior: "previous adjudication of disability."[9] But even though "adjudication of preexisting disability" has a broader meaning than a "previous adjudication of disability," the majority errs in assuming that the two are mutually exclusive. Indeed, we have always understood "adjudications of preexisting disability" to include both Crumby findings (i.e., contemporaneous adjudications of disability) and previous adjudications of disability.[10] Accordingly, the Legislature was not wrong to choose the phrase "adjudication of preexisting disability" in a proviso designed to modify the term "previous adjudication of disability," as the former is broad enough to encompass the latter - - at worst, the Legislature chose a phrase that was overinclusive.

¶6 The majority next points to the Legislature's reference to "[the] part of the body . . . injured in the claim being adjudicated."[11] Arguing that there is no claim being adjudicated "[i]n a proceeding to recover from MITF," the majority concludes that "[t]he reference in the proviso to 'injured in the claim being adjudicated' is an unmistakable reference to adjudication of the last injury and the subtraction of any preexisting disability from the employer's liability."[12] I agree with the first part of this conclusion, that the phrase "the claim being adjudicated" is most sensibly understood to be a reference to the claim adjudicated as a result of the most recent injury - - i.e., the underlying claim against the employer that triggered the claim against the MITF. I disagree, however, with the latter conclusion that the phrase is a simultaneous reference to the subsequent determination of the extent of the employer's ultimate liability. Indeed, the placement of this phrase in the statute defining "physically impaired person" is strong textual evidence that the phrase is a reference to the injury that is relevant to the jurisdictional analysis, rather than any subsequent liability analysis. The majority disregards this important textual signal, and instead reads the phrase out of its statutory context, which leads the majority to its erroneous conclusion that the Legislature amended the wrong statute.

¶7 Text aside, the majority's reading of the proviso increases the MITF's liability by broadening the class of claimants entitled to an award, in contravention of a long-recognized legislative intent to reduce the Fund's liability. Everyone who qualified as "physically impaired" under the prior version of the law will still qualify. But a claimant will now be able to combine more disabilities in trying to reach PTD status than would have been possible under the previous law as it was understood when the Legislature drafted section 402. From the MITF's perspective, this means more claims capable of reaching the PTD threshold for an award, and thus greater liability overall.[13]

II.

¶8 Thus, section 402(A)(4) required Mackey to satisfy two criteria in order to qualify as a "physically impaired person": he needed a "previous adjudication of disability," and he needed for that disability to have been to a part of the body "deemed to have been injured" in his most recent work-related injury. There is no doubt that Mr. Mackey had a "previous adjudication of disability"; in fact, he had many. But none of those previous adjudications found disability to the part of his body deemed injured in his most recent work-related injury: his left shoulder. Thus, Mr. Mackey failed to qualify as a physically impaired person under section 402(A)(4),[14] and because "physically impaired" status is a jurisdictional prerequisite, the Workers' Compensation Court was without authority to enter an award against the MITF.

¶9 Accordingly, I would affirm the Court of Civil Appeals and vacate the award.

FOOTNOTES

[1] Hill v. Bd. of Educ., 1997 OK 111, ¶ 6, 944 P.2d 930, 932 ("As a general rule, [a] proviso in a statute is presumed to refer only to the provision to which it is attached, and is generally deemed to apply to the clause or provision immediately preceding it." (internal quotation marks omitted)); In re Frary's Estate, 1939 OK 516, ¶ 19, 96 P.2d 526, 529 ("The general rule of construction appears to be that a proviso which is a limitation of a preceding general provision will be held to affect or limit the immediate clause or general statement, unless it clearly appears from the whole sentence preceding such proviso that it was the intention of the proviso to refer to the whole general provision. A proviso either imposes a condition or is itself a limitation."); Jumper v. Lyles, 1919 OK 356, ¶ 3, 185 P. 1084, 1084-85 ("It is well settled that a proviso, generally, restricts, qualifies, or limits some preceding matter, and it defeats the operation of the antecedent clause conditionally."); see also Webster's New International Dictionary 1995 (2d ed. 1959) (defining "proviso" as "[a]n article or clause in any statute, contract, grant, or other writing, by which a condition is introduced, usually beginning with the word provided").

[2] Majority Op. ¶ 15 (quoting Ball v. Multiple Injury Trust Fund, 2015 OK 64, ¶ 16, 360 P.3d 499, 507).

[3] Multiple Injury Trust Fund v. Mackey, No. 114,429, slip op. ¶ 6, at 5-6 (Okla. Civ. App., Div. I Sep. 30, 2016) (unpublished).

[4] Mumford v. Multiple Injury Trust Fund, No. 115,086, slip op. at 10 (Okla. Civ. App., Div. II Feb. 22, 2017) (unpublished), pet. for cert. filed (Okla. May 1, 2017); Multiple Injury Trust Fund v. Wiggins, No. 114,584, slip op. at 9 (Okla. Civ. App., Div. IV June 14, 2016) (unpublished), cert. granted (Okla. Dec. 12, 2016).

[5] See Majority Op. ¶ 7 (citing 85 O.S.2011 § 404(A)).

[6] Id. ¶ 9.

[7] Id. ¶ 15 (quoting Ball, 2015 OK 64, ¶ 16, 360 P.3d at 507).

[8] See generally Ball, 2015 OK 64, ¶¶ 11-12, 360 P.3d at 504; see also Brian Ford, Disability Payments Stopped Indefinitely, Tulsa World, June 16, 2001, http://www.tulsaworld.com/ archives/disability-payments-stopped-indefinitely/article_bbabb32f-c8e0-54e6-9105-07ee6f1dcf ed.html; Workers' Comp Fund $25 Million in Hole, Oklahoman, May 18, 1998, at A3; Workers' Comp Fund $16.2 Million in Red, Oklahoman, Nov. 20, 1994, at A1.

[9] Majority Op. ¶¶ 5-6.

[10] See Ball, 2015 OK 64, ¶ 10, 360 P.3d at 504 ("[T]he Legislature, in 1993, amended Section 171 to specifically include a Crumby finding of preexisting disability in the definition of a physically impaired person. Section 171 was amended to provide: '"[P]hysically impaired person" means . . . any preexisting disability adjudged and determined by the Workers' Compensation Court . . . .'"); Special Indem. Fund v. Davis, 1996 OK CIV APP 135, ¶ 3, 930 P.2d 830, 832 (Reif, J., affirming Gurich, Workers' Comp. J.) ("[T]he 1993 amendment did not change the requirement that pre-existing disability must be adjudicated, but it did change the requirement that it be 'disability which previously has been adjudged and determined.' Carson did not hold that a Crumby finding was not a sufficient adjudication of pre-existing disability, but only that "[a] Crumby finding is made contemporaneous with the adjudication of the subsequent injury and is not a previous adjudication.' By eliminating the express requirement that the qualifying pre-existing disability be one that is 'previously . . . adjudged and determined,' the legislature has indicated that the time at which the pre-existing disability is adjudged and determined is no longer important in applying section 172."); see also Chronister-Ozbirn v. Multiple Injury Trust Fund, 2001 OK CIV APP 134, ¶ 4 & n.3, 34 P.3d 1173, 1175 & n.3; Miville v. Special Indem. Fund, 1997 OK CIV APP 72, ¶ 5, 949 P.2d 687, 688; Special Indem. Fund v. Richardson, 1996 OK CIV APP 163, ¶ 10 941 P.2d 532, 534.

[11] Majority Op. ¶ 6.

[12] Id. ¶¶ 6-7.

[13] The majority's reading results in greater liability because, when the Legislature amended section 402, it did so against the backdrop of a well-established rule that a claimant could only combine (a) the disability resulting from his most recent work-related injury and (b) the disability or disabilities that rendered him a "physically impaired person." Whaley v. Special Indem. Fund, 1976 OK 9, ¶ 19, 545 P.2d 775, 778; Special Indem. Fund v. Henderson, 1964 OK 177, ¶¶ 6-7, 394 P.2d 466, 468; Special Indem. Fund v. Pogue, 1964 OK 10, ¶ 4, 389 P.2d 629, 630 ("For the purpose of determining claimant's aggregate disability in a proceeding against the Special Indemnity Fund, only those pre-existing disabilities which render claimant a physically impaired person, as defined by 85 O.S.1961 § 171, are authorized to be considered in combination with disability from the last accidental injury standing alone."); Bermea v. State Indus. Court, 1963 OK 29, ¶ 5, 378 P.2d 857, 859 ("For the purpose of determining claimant's aggregate disability in a proceeding against the Special Indemnity Fund under the provisions of 85 O.S.1961 § 172, only those pre-existing disabilities which render claimant a physically impaired person as defined by 85 O.S.1961 § 171, are authorized to be considered in combination with the disability resulting from the last accidental injury standing alone."); Special Indem. Fund v. Tyler, 1961 OK 304, ¶ 18, 369 P.2d 180, 184 ("We therefore hold that where an employee is a physically impaired person and receives a subsequent injury and proceeds against the Special Indemnity Fund, Title 85 O.S.1953 Supp. § 172 authorizes the combination of only those disabilities which rendered employee a physically impaired person and the disability due to the subsequent injury and does not authorize the combination of all the disabilities that an injured employee has at the time of the subsequent injury."). Thus, prior to the enactment of sections 402 and 404 in 2011, the state of the law was that a claimant could not combine a pre-existing disability for liability purposes unless that disability would also qualify the claimant as "physically impaired" for jurisdictional purposes. This remained the rule until our 2015 decision in Multiple Injury Trust Fund v. Sugg, 2015 OK 78, 362 P.3d 222.

The Legislature was likewise aware when it amended section 402 that Crumby findings would not qualify as "previous adjudications of disability" for jurisdictional purposes. See Ball, 2015 OK 64, ¶¶ 10, 13, 360 P.3d at 503-05; Special Indem. Fund v. Carson, 1993 OK 64, ¶¶ 7, 12, 852 P.2d 157, 158-59, ("[A] Crumby finding does not render a claimant a 'physically impaired person' for purposes of bestowing jurisdiction on the Workers' Compensation Court and attaching liability to the Fund. . . . A Crumby finding is made contemporaneous with the adjudication of the subsequent injury and is not a previous adjudication as required by section 172."); see also Majority Op. ¶ 8. If Crumby findings couldn't satisfy the jurisdictional element, and only those adjudications that satisfied the jurisdictional element were combinable for liability purposes, then Crumby findings were not combinable for liability purposes under section 404, which makes it all the more implausible that the Legislature would have intended to place a condition on something not authorized by statute. Reading the proviso then as allowing for the combination of Crumby findings - - even to a limited degree - - thus marks a departure from the law in effect at the time of the amendment and expands the MITF's statutory liability.

[14] To those who think this result is harsh, remember that Mr. Mackey and anyone else with insufficient previous adjudications of disability still have at their disposal all of the other "physically impaired" qualification routes in section 402(A), including the "open and obvious" route in section 402(A)(3), all of which remain unchanged by the proviso in section 402(A)(4).

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2017 OK 76, MULTIPLE INJURY TRUST FUND v. WIGGINS
Cited


 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2001 OK CIV APP 134, 34 P.3d 1173, 72 OBJ 3324, CHRONISTER-OZBIRN v. MULTIPLE INJURY TRUST FUND
Discussed
 1996 OK CIV APP 99, 925 P.2d 86, 67 OBJ 2975, Special Indem. Fund v. Betterton,
Discussed
 1996 OK CIV APP 135, 930 P.2d 830, 68 OBJ 71, Special Indem. Fund v. Davis,
Discussed
 1996 OK CIV APP 163, 941 P.2d 532, 68 OBJ 2022, SPECIAL INDEMNITY FUND v. RICHARDSON
Discussed
 1997 OK CIV APP 72, 949 P.2d 687, 68 OBJ 3911, Miville v. Special Indemnity Fund
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1939 OK 516, 96 P.2d 526, 186 Okla. 126, In re FRARY'S ESTATE
Discussed
 1993 OK 64, 852 P.2d 157, 64 OBJ 1504, Special Indem. Fund v. Carson
Discussed
 1997 OK 111, 944 P.2d 930, 68 OBJ 2775, HILL v. BOARD OF EDUCATION
Discussed
 1919 OK 356, 185 P. 1084, 77 Okla. 57, JUMPER v. LYLES
Discussed
 1963 OK 29, 378 P.2d 857, BERMEA v. STATE INDUSTRIAL COURT
Discussed
 1964 OK 10, 389 P.2d 629, SPECIAL INDEMNITY FUND v. POGUE
Discussed
 1964 OK 177, 394 P.2d 466, SPECIAL INDEMNITY FUND v. HENDERSON
Discussed
 2008 OK 15, 180 P.3d 1205, MULTIPLE INJURY TRUST FUND v. WADE
Discussed
 1976 OK 9, 545 P.2d 775, WHALEY v. SPECIAL INDEMNITY FUND
Discussed
 1976 OK 147, 558 P.2d 396, SPECIAL INDEMNITY FUND v. DOUGHTY
Discussed
 2015 OK 64, 360 P.3d 499, BALL v. MULTIPLE INJURY TRUST FUND
Discussed at Length
 2015 OK 78, 362 P.3d 222, MULTIPLE INJURY TRUST FUND v. SUGG
Discussed
 1978 OK 80, 584 P.2d 1325, J.C. PENNEY CO. v. CRUMBY
Discussed
 1961 OK 304, 369 P.2d 180, SPECIAL INDEMNITY FUND v. TYLER
Discussed
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 402, Repealed
Discussed at Length
 85 O.S. 404, Repealed
Cited
 85 O.S. 171, Repealed
Discussed
 85 O.S. 172, Repealed
Discussed
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 30, Definition of "Physically Impaired Person"
Cited