OSCN Found Document:McKESSON CORP. v. CAMPBELL

 

 
 

 
 McKESSON CORP. v. CAMPBELL
2022 OK 6
Case Number: 120033
Decided: 01/18/2022
As Corrected: January 19, 2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 6, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

Â 

Â 

McKESSON CORPORATION, Petitioner,
v.
HONORABLE MARK CAMPBELL, Respondent,
and
STATE OF OKLAHOMA ex rel., JOHN O'CONNOR, ATTORNEY GENERAL OF OKLAHOMA, Real Party in Interest.

ORDER

Â¶1 Petitioner McKesson Corporation seeks production of deidentified data held in the repository created by Oklahoma's Anti-Drug Diversion Act, the Prescription Monitoring Program. See 63 O.S.2021, Â§ 2-309D(A). Petitioner's discovery requests arise out of the negligence and public nuisance action brought by Real Party in Interest Attorney General of Oklahoma in Bryan County District Court. See State of Oklahoma ex rel. Attorney General of Oklahoma v. McKesson Corporation, No. CJ-2020-84 (Bryan Cnty. District Court). The Bryan County District Court issued an order on October 22, 2021, sustaining the Attorney General's objection to production of the Prescription Monitoring Program data, reasoning that as the statute made the data confidential and Petitioner was not included on the statute's list of authorized accessors, Petitioner was not entitled to discover the information. Petitioner then sought relief from this Court.

Â¶2 The Supreme Court does not entertain original actions complaining of a district court's discovery order unless the case is aberrant. Scott v. Peterson, 2005 OK 84, Â¶ 12, 126 P.3d 1232, 1236. The issue presented here both is rare and affects the public interest so the Court makes exception to its general rule. Oklahoma's Prescription Monitoring Program collects data on all valid prescriptions of Schedule II, III, IV, and V drugs in Oklahoma. 63 O.S., Â§ 2-309C. All data sent to the repository is confidential and not "open to the public." Id. Â§ 2-309D(A). Only specific persons are allowed access to the data, with any unauthorized access punishableÂ as a misdemeanor and by potential removal from office. Id. Â§ 2-309D(F). However, the Oklahoma Discovery Code is not limited by confidential information, whether public or private. 12 O.S.2021, Â§ 3226(B)(1). Where the Oklahoma Legislature seeks to remove state-held materials from civil discovery or subpoena, it explicitly includes that bar in the statute. See 36 O.S.2021, Â§Â§ 1126(B)(1) & 6967(A); 74 O.S.2021, Â§ 150.7d. The Court will not construe a statute to add provisions the Legislature refused to include. See Multiple Injury Trust Fund v. Mackey, 2017 OK 75, Â¶ 15, 406 P.3d 564, 567. The Oklahoma Discovery Code provides sufficient legal authority for a party to seek discovery of the data in Oklahoma's Prescription Monitoring Program.

Â¶3 The Court's construction of Â§ 2-309D does not establish that any party in any lawsuit can seek production of data from the Prescription Monitoring Program. The confines of the Oklahoma Discovery Code must still be followed, including protective orders for confidential information. 12 O.S., Â§ 3226(C)(1)(g). However, the district court's October 22, 2021 order placing the data in Oklahoma's Prescription Monitoring Program beyond the reach of civil discovery is an abuse of discretion.

Â¶4 Original jurisdiction is assumed. Okla. Const. art. VII, Â§ 4; Keating v. Johnson, 1996 OK 61, Â¶ 10, 918 P.2d 51, 56. A writ of prohibition is issued to Bryan County District Court Judge Mark Campbell, or any other assigned judge, barring enforcement of the October 22, 2021 Order sustaining the Attorney General's objection to production of Prescription Monitoring Program data. A writ of mandamus is also issued to Judge Campbell, or any other assigned judge, to issue any necessary order denying the Attorney General's objection to production of PMP data and directing disclosure of that data consistent with the contours of this Court's order and the Oklahoma Discovery Code.

Â¶5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 18th DAY OF JANUARY 2022.

/S/ACTING CHIEF JUSTICE

ALL JUSTICES CONCUR.

Â