McKESSON CORP. v. CAMPBELL
2022 OK 6
502 P.3d 1110
Case Number: 120033
Decided: 01/18/2022
As Corrected: January 19, 2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 6, 502 P.3d 1110

 
 

McKESSON CORPORATION, Petitioner,
v.
HONORABLE MARK CAMPBELL, Respondent,
and
STATE OF OKLAHOMA ex rel., JOHN O'CONNOR, ATTORNEY GENERAL OF OKLAHOMA, Real Party in Interest.

ORDER

¶1 Petitioner McKesson Corporation seeks production of deidentified data held in the repository created by Oklahoma's Anti-Drug Diversion Act, the Prescription Monitoring Program. See 63 O.S.2021, § 2-309DSee State of Oklahoma ex rel. Attorney General of Oklahoma v. McKesson Corporation, No. CJ-2020-84 (Bryan Cnty. District Court). The Bryan County District Court issued an order on October 22, 2021, sustaining the Attorney General's objection to production of the Prescription Monitoring Program data, reasoning that as the statute made the data confidential and Petitioner was not included on the statute's list of authorized accessors, Petitioner was not entitled to discover the information. Petitioner then sought relief from this Court.

¶2 The Supreme Court does not entertain original actions complaining of a district court's discovery order unless the case is aberrant. Scott v. Peterson, 2005 OK 84126 P.3d 1232 The issue presented here both is rare and affects the public interest so the Court makes exception to its general rule. Oklahoma's Prescription Monitoring Program collects data on all valid prescriptions of Schedule II, III, IV, and V drugs in Oklahoma. 63 O.S., § 2-309CId. § 2-309D(A). Only specific persons are allowed access to the data, with any unauthorized access punishable as a misdemeanor and by potential removal from office. Id. § 2-309D(F). However, the Oklahoma Discovery Code is not limited by confidential information, whether public or private. 12 O.S.2021, § 3226See 36 O.S.2021, §§ 112674 O.S.2021, § 150.7dSee Multiple Injury Trust Fund v. Mackey, 2017 OK 75406 P.3d 564

¶3 The Court's construction of § 2-309D does not establish that any party in any lawsuit can seek production of data from the Prescription Monitoring Program. The confines of the Oklahoma Discovery Code must still be followed, including protective orders for confidential information. 12 O.S., § 3226

¶4 Original jurisdiction is assumed. Okla. Const. art. VII, § 4; Keating v. Johnson, 1996 OK 61918 P.2d 51

¶5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 18th

/S/ACTING CHIEF JUSTICE

ALL JUSTICES CONCUR.